(26 App. Div. 600.)

## ROSENBLATT v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.    March 22, 1898.)

STREET RAILROADS—PARAMOUNT RIGHTS.
> Street-railroad companies have a paramount, though not an exclusive, right to that portion of the highways which is taken up by their tracks, and which is between intersecting highways.

Appeal from trial term, Kings county.

Action by Samuel Rosenblatt against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff for $1,501.82 and from an order denying defendant's motion for new trial, it appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John L. Wells, for appellant.

James D. Bell, for respondent.

WOODWARD, J.    This action was for personal damages sustained by the plaintiff in a collision between one of the cars of the defendant company and a wagon of which the plaintiff was the driver. It appears from the evidence that on the 4th day of November, 1895, the plaintiff was engaged in delivering certain goods to the customers of the Fleischmann Yeast Company in the city of Brooklyn, and while on Harrison avenue, between Wallabout and Gerry streets, he undertook to drive across the street in front of an approaching car, and in the collision which followed he was thrown from his wagon, falling in such a manner that his horse fell upon him, causing a dislocation of the hip and other injuries.    On the trial of the cause the evidence clearly established the facts connected with the accident, though there was some conflict of testimony as to the distance of the car and the rate of speed at which it was running at the time the plaintiff undertook to cross, and there is but one question involved in the appeal which it seems necessary to consider.

The court, in charging the jury, neglected to state the rights of the parties in the highway, or rather, to draw distinctly the line of relative rights; and the defendant requested the court to charge that, where the accident occurred (which was at a point between two streets), the defendant had a paramount right to the use of the street where the track was laid.    This request the court refused, and the defendant duly excepted.    In this we are clearly of opinion that the court below was in error.    Street-railroad companies, while organized for private profit, are yet instituted for the convenience of the public, and it is necessary in the accomplishment of this higher object that the cars of the company shall be operated with the least delay and greatest regularity consistent with the safety of the community.    Confined by the necessity of their construction and mechanical appliances to a particular part of the highway, public policy demands, and the law sanctions the doctrine, that these companies shall be given the paramount right to that portion of the highways which is taken up by their tracks and which is between intersecting highways.    This rule, while

absolving the company from none of the obligations to use that caution which is required in guarding against collisions, is necessary to the discharge of that duty which the company owes to the community, and imposes upon the individual the duty of observing a greater degree of caution than would be necessary if the superior rights of the public did not intervene, requiring the operation of vehicles propelled by mechanical appliances, and running as a part of a system reaching all parts of a great city, and affecting business interests throughout the state.

This rule is put strongly in the negative in the case of Fleckenstein v. Railroad Co., 105 N. Y. 655, 11 N. E. 951, where the court, speaking through Earl, J., say:

"The trial judge did not err in charging the jury that the defendant did not have the exclusive right to the use of its tracks, but simply the paramount right. Street railways have the lawful right to put their tracks in the streets and run their cars thereon. Their cars are confined to the tracks, and cannot turn out to avoid obstacles thereon. Hence they have the right of way, and persons lawfully driving upon the same tracks must not recklessly, carelessly, or willfully obstruct the passage. of their cars. But such persons are not absolutely bound to keep off or get off from the tracks. They must fairly and in a reasonable manner respect the paramount right of a street railway; and if they do this, and without any fault on their part they are injured by carelessness or fault chargeable to the railway, the law affords them a remedy by action for damages."

"But," say the court in the case of McClain v. Railroad Co., 116 N. Y., at page 465, 22 N. E. 1063, "as a street car must continue on the rails of its track, persons otherwise traveling on the street are required to use care to keep out of its way, yet for their protection the duty rests upon the driver to keep his horses reasonably within his control upon the public streets." The same doctrine is asserted by the court in the case of Fenton v. Railroad Co., 126 N. Y. 625, 26 N. E. 967. "Street-railway cars," say the court, speaking through Judge Earl, "have a preference in the streets, and while they must be managed with care, so as not to carelessly injure persons in the street, pedestrians must, nevertheless, use reasonable care to keep out of their way." This case is distinguishable from the case of Huber v. Railroad Co., 22 App. Div. 426, 48 N. Y. Supp. 38, where the plaintiff was crossing the defendant's track in the line of an intersecting street; it being held that, under such circumstances, the defendant's car had no paramount right of way.

This being the law, it was the duty of the trial court to have so stated at the request of the defendant, and, because this request was denied, the judgment and order of the court below is reversed, and a new trial granted, the costs to abide the result of the action. All concur.