We think that there was not such a preponderance of evidence as would have justified a dismissal of the complaint or a direction for the defendant, nor such as would justify our setting aside the verdict. This case well illustrates the difficulty which is often to be found in accident cases where different minds may properly and naturally differ as to the inferences to be drawn from the testimony, and different conclusions may be reached as to the weight of the evidence, and whether or not it preponderates in favor of one party or the other. The jury has been constituted for the purpose of determining just such cases, and it is only where we can see that from passion, prejudice, or partiality the jury has gone wrong, or else that it has accepted unsatisfactory testimony, as of a single, uncorroborated witness, in lieu of more complete evidence adduced, which is fortified by the probabilities and circumstances surrounding the case, that we are justified in interfering with the verdict.

In the present case we do not think that the elements appear which would permit us to conclude that the jury was influenced by other than honest convictions, reached after considering the force of the evidence presented by the respective parties. The damages awarded, which were not excessive, do not indicate that the jury was affected by passion or prejudice, and the case is evidently one where different minds might naturally reach different conclusions.

As said, therefore, we do not think that we would be justified in interfering with the verdict, and the judgment and order must be accordingly affirmed, with costs. All concur.

---

### LAWSON v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

1. STREET RAILROADS — CROSSING TRACKS — DEGREE OF CARE—CONTRIBUTORY NEGLIGENCE.

   One crossing a street-car track at a place other than a crossing is bound to use reasonable care not to obstruct the passage of the car unnecessarily, but he has a right to rely on a delay of the car in its progress to enable him to cross, if it becomes necessary, and contributory negligence cannot be predicated on a mere mistake of judgment on his part.

2. SAME—JURY.

   Where one driving a heavy wagon at a slow walk attempted to cross a street-car track at a place other than a crossing, and got on the track as a car was approaching some 50 feet away, the question whether he used reasonable care not to obstruct the car, and whether the car driver could have avoided a collision by exercise of the same care, was properly submitted to the jury.

3. INSTRUCTIONS—ERROR.

   Refusal of a requested charge covered by the court's charge is not error.

4. SAME.

   A charge assuming a statement of facts not supported by the evidence is properly refused.

   Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from trial term, New York county.

Action by Charles B. Lawson, as administrator of the estate of Charles Ruppert, against the Metropolitan Street-Railway Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Chas. F. Brown, for appellant.

W. C. Beecher, for respondent.

RUMSEY, J. The action was brought for damages for the negligent killing of the plaintiff's intestate, Charles Ruppert. It was submitted to the jury after evidence had been given by both parties, and resulted in a verdict for the plaintiff; after which, a motion for a new trial having been made and denied, judgment was entered, and this appeal was taken.

On the 23d day of February, 1897, the plaintiff's intestate was driving a team of horses, attached to a heavy truck, up Sixth avenue. Just before reaching Seventeenth street, he started to cross the avenue, so as to go west along that street. In doing so, it was necessary for him to cross the tracks of the defendant's road. As he approached Seventeenth street, driving up on the east side of the avenue, he found a pillar of the elevated road standing in the street, and close to the defendant's tracks, about 27 feet south of the southerly curb line of the street. The next posts of the elevated road above that stood directly in the center of Seventeenth street, one on each side of the track. The truck upon which Ruppert was seated was a long and large one, being some 23 feet from the end of the pole to the rear of the truck. For the purpose of enabling him to get into Seventeenth street, he evidently judged that it was necessary for him to begin to turn across the avenue below the pillar of the elevated road that stood just south of the street. He turned his horses, therefore, so as to cross the street diagonally, starting just below the post of the elevated road, and directing his course towards the roadway of Seventeenth street, on the other side. This brought him across the down track of the defendant's road, at a point just above the elevated railroad post, which stood 27 feet south of Seventeenth street, on the west side of the defendant's tracks. His truck was heavily laden, and he was going at a walk. As he got upon the south-bound of the defendant's tracks, a horse car going south was approaching Seventeenth street. These facts are not disputed. Just what the situation of affairs was after that time is somewhat in dispute, but, as the jury found for the plaintiff, it must be assumed that they found the facts in his favor, so far as it was necessary to warrant them in rendering a verdict.

It was claimed by the plaintiff that the car came down without stopping, and struck the truck, upon the seat of which Ruppert was sitting, with such force as to throw him to the ground, causing the fracture of his skull from which he died. The fact of the collision was disputed by the defendant, but, as it was sworn to by at least one witness for the plaintiff and two witnesses for the defendant,

the jury were clearly justified in finding that it took place, and that it caused Ruppert's fall. The question remains whether the collision was caused by the negligence of the defendant, and whether Ruppert was guilty of contributory negligence in bringing it about. The jury might fairly have found from the evidence that when Ruppert reached the west track of the defendant's road, as he went across the avenue, the approaching car was something over 50 feet from him; that it was approaching rapidly, but that there would have been no difficulty in stopping it, or in checking its progress, so as to avoid the collision, without seriously delaying the car in its trip. Ruppert's truck was heavily laden, and his horses were going at a walk. The jury must have found that, as he got upon the track, both he and the car were in plain view of each other, and at a distance of about 50 feet apart. They might have found from the testimony that, as he got upon the track, he endeavored to increase the speed of his horses, but whether he did so to any appreciable extent may be quite doubtful. It was clearly within the evidence for the jury to find, as they must have done, that the driver made no sufficient effort to check the speed of his car, at least until it was too late to do so, and permitted it to collide with Ruppert's truck before he had succeeded in getting across the avenue.

Upon these facts, the question is presented as to what are the rights of street cars as against persons who, in the pursuit of their business, have occasion to cross the track of the car at a place other than the regular crossing of the street. It must be admitted, of course, that the rights of cars in their tracks upon the street are superior to the rights of anybody going along the street or crossing it elsewhere than at a crossing, but this does not mean that they have the sole or exclusive right to the use of that portion of the street upon which their tracks are laid. The extent of the paramount right, as it is called, is to be ascertained by considering why it exists. A street-car company has acquired from the state the right to lay its tracks in the street, and to run cars up and down upon those tracks. It necessarily follows from that right, and manner of construction of the car, that it can only move upon the tracks, and in a line parallel with them; it is unable to turn out. It is necessary, too, for the convenience of the public who use the street cars, that their passage up and down on the tracks should not be unduly delayed. For the purpose of enabling them to move at a proper rate of speed, and without any unnecessary obstruction, and because they are unable to turn out to avoid vehicles, but must run in the track laid for them, it has been held very properly that, within that track, they have rights superior to every other vehicle which has occasion to use the street. But superior rights do not mean exclusive rights. Fleckenstein v. Railroad Co., 105 N. Y. 655, 11 N. E. 951. The streets are yet intended for every citizen who has occasion to use them. He may come upon foot or in vehicles, up and down the street, as his pleasure or his business requires, and he may cross the street backward and forward in his vehicle, so far as his convenience or business incline him to do so.

In doing so, he 'must not needlessly or recklessly or willfully ob-struct the street cars in their route, and he must use reasonable care to keep out of their way. But he is not called upon to avoid the use of the street or to delay crossing it because a street car happens to be in sight coming towards him. If that were so, no person could ever cross any of the main streets of this city upon which street cars are run. He must endeavor, in crossing the street, so to regulate his act as that he shall use the care of a resonably prudent man to keep out of the way of the cars, and not unduly delay them in their passage. If he does that, he does all that the law requires of him, and he is not guilty of contributory negligence in case a collision occurs, if the jury find that he used reasonable care to perform his duty in that regard. It would be absolutely impossible to lay down any hard and fast rule of law as to the duty of a person crossing a street-car track in his efforts to avoid a collision with an approaching car. In almost every case, the question of contributory negligence is one to be judged by the jury, in view of the requirement of reasonable prudence on the part of the person crossing. But the duty of the driver of the street car is also to be taken into consideration. While he has a superior right because he cannot turn out, and because it is not lawful to obstruct his passage unnecessarily, yet, in view of the fact that it is necessary for people to cross the street with trucks and with carriages, in the performance of their business, it is not permitted to the driver of a street car to go down the street at an improper rate of speed, or without paying any attention to vehicles that happen to be in his way. He is bound, also, to use reasonable care so to regulate the passage of his car as not unnecessarily to col-lide with those persons who have occasion to use the street in front of him. Brozek v. Railway Co., 10 App. Div. 360, 41 N. Y. Supp. 1017; Fishbach v. Same, 11 App. Div. 152, 42 N. Y. Supp. 883. As he can only do that by regulating the speed of the car, it is his duty to use reasonable care to regulate that speed to attain those ends. Of course, it must necessarily occur that street cars will be somewhat interfered with in their passage up and down on the surface of the highway. The rights of the citizens to use the street necessarily involve such an interference to some extent. There is a grave difference between the right of a steam railroad running over a track upon its own land, to which it has the ex-clusive title, and the right of a tram car running in the street, which it only has a right to use in common with all the citizens. Smith v. Railway Co., 7 App. Div. 253, 40 N. Y. Supp. 148. This relative right is recognized by the statute, which forbids "persons willfully obstructing the passage of cars lawfully running on a street railway." Pen. Code, § 426. It is necessarily to be inferred that an obstruction which is neither careless nor reckless nor will-ful is not unlawful, and everybody knows that it frequently has to take place. When one attempts to cross the track of a street car, and has approached the track at such a distance from an approach-ing car that he has reasonable ground to suppose that he will be able to cross the track, it is the duty of the street-car driver to

give him a reasonable opportunity to cross, and if, for that purpose, it is necessary for him to check the speed of his car, or even to stop the car entirely for a short space, it is his duty to do it, and the person crossing the track has the right, without being charged with contributory negligence, to assume that that duty will be performed. Kennedy v. Railroad Co., 31 App. Div. 30, 52 N. Y. Supp. 551. Here, again, is a grave difference between the duty at the crossing of a steam railroad and the crossing of a street-car track. A man crossing a steam railroad knows that the speed of the cars cannot be checked for his convenience, and he is bound, not only to use reasonable care to keep out of the way, but, if a question arises whether he will have time, in any given situation, to cross the track safely before the approach of the train, he is bound to take no chances; and if he does take them, and is injured, he is guilty of contributory negligence, because he knows that, if the car approaches, its speed cannot be checked, and that, if he is on the track, he must be struck. But the rule as to street cars is entirely different. The citizen has the right to cross the track. He is bound to use reasonable care not to obstruct the passage of the car unnecessarily, but he has a right to rely upon a delay of the car in its progress to enable him to cross, if such delay is necessary, and for that reason contributory negligence cannot be predicated of a mere mistake in judgment. The question in every case is, did the approaching parties—the car driver on the one hand, and the person crossing the track on the other—use the ordinary care of reasonably prudent persons to avoid a collision, under the given conditions? In the nature of things, that question must almost always be submitted to the jury. Smith v. Railway Co., 7 App. Div. 253, 40 N. Y. Supp. 148. It was proper to submit it to a jury in this case, and there was evidence to sustain their verdict.

We have examined the exceptions to the admission of evidence, and are satisfied with the rulings in that regard.

Stress is laid upon an alleged error of the court in refusing to charge certain requests to find made by the defendant. One of these was the twentieth, to the effect "that a street car has the right of way, except at the intersection of the cross streets, and persons lawfully driving on the same tracks must not recklessly, carelessly, or willfully obstruct the passage of the cars." This was refused, and excepted to. An examination of the charge shows us, however, that the relative rights of the driver and Ruppert were clearly and properly explained to the jury. The court charged the jury as to the duty of Ruppert in the matter, and it stated, in so many words, that people driving on a car track have no right to recklessly, carelessly, or willfully obstruct the passage of the cars. The defendant could ask nothing more in that regard than was given to him by the charge. Where a judge has fully and fairly explained the principles of law bearing upon the case, it is all that either party has the right to ask for, and it is not to be held an error that the court refuses to repeat the facts charged in another form in the language given to him by counsel. This is an answer not only to the exceptions to the refusal to charge the twentieth

request, which has been quoted, but to several other requests as well.

It is only necessary to notice the exception to the eighteenth request, which is as follows:

"It appearing from the evidence introduced on behalf of the plaintiff, and by other evidence in the case, that the accident by which the decedent was injured did not happen at the intersection of Sixth avenue and Seventeenth street, but at a considerable distance below the crossing, the defendant had a paramount right to that part of the street on which the track was laid on which its car was running, for the unobstructed progress of its car at a lawful rate of speed, and the decedent, Charles Ruppert, was bound, in a reasonable manner, to respect the paramount right of the defendant to the use of its railway track; and if the jury find from the evidence in this case that Ruppert did not respect such paramount right of defendant to the use of its track, but was endeavoring to cut off the car, and thus obstruct its progress, at the time of the accident, and was injured while engaged in violating the paramount right of the defendant, then the plaintiff cannot recover, and the defendant is entitled to a verdict."

A person making a request to charge, and thus putting words in the mouth of the court, is bound to be correct in his statement; and if he overstates a proposition of law, or if, in making his request, he assumes as a fact anything which is not a fact, or not fairly to be inferred from the testimony, he has no reason for complaint if the court declines to charge as requested.  The request is to be taken as a whole, and the court is not called upon to split it apart, and to pick out from it that portion which is good, and charge that, refusing to charge simply the portion which is not sound, but he must look at it as a whole, and, if any part of it is incorrect, he may refuse to charge it, and no exception lies to that refusal.  In view of this rule, this eighteenth request is gravely defective.  It assumes, not only that Ruppert did not respect the paramount right of the defendant to the use of its tracks, but that he was endeavoring to cut off the car, and thus obstruct the progress. There is not one particle of evidence to warrant any such assumption.  So far from endeavoring to cut off the car, the jury would not have been justified in finding anything of the kind.  He was crossing the track.  He had not in view an obstruction of the car or anything like it, and there was nothing in the evidence that would have warranted the jury in finding that Ruppert was endeavoring to interfere with the car in the slightest degree.  There is a vast difference between lawfully doing an act, the effect of which may be to momentarily obstruct the passage of a street car, and to put oneself on the track of the car in an endeavor to obstruct it.  The latter is a penal offense; the first is not.  If there had been evidence warranting the finding that Ruppert was endeavoring to obstruct the passage of that car, it would have been sufficient, clearly, to find a verdict for the defendant.  But there was no evidence of the kind, and the request was not warranted, and the judge was right in refusing.

There is no other exception which it seems necessary to consider

The judgment and order should be affirmed, with costs to the respondent.

BARRETT and INGRAHAM, JJ., concur.

McLAUGHLIN, J. (dissenting).  This action was brought to recover damages sustained by the plaintiff, as administrator of the estate of Charles Ruppert, whose death, it is alleged, was caused by the negligence of the defendant.  The plaintiff had a verdict, and from the judgment entered thereon, and from an order denying a motion for a new trial, the defendant has appealed.  On the trial it appeared that the deceased, on the 23d of February, 1897, between 3 and 4 o'clock in the afternoon, was driving a truck drawn by two horses northerly on the east side of Sixth avenue, in the city of New York, and, when he had reached a point between 30 and 40 feet south of the southerly line of Seventeenth street, he attempted to drive diagonally across the avenue, and in so doing the truck collided with a car going south on the defendant's tracks, and he sustained injuries, from which he died a few hours later. When the intestate started to cross the avenue, the truck was about 20 feet east of the defendant's tracks, and the car, moving southerly at the rate of 8 or 10 miles an hour, was then at the northerly side of Seventeenth street.  Seventeenth street is 60 feet in width.  The collision occurred near the center of Sixth avenue, and, as nearly as can be ascertained from the record, about 20 feet south of the southerly curb line of Seventeenth street.  It did not appear that the intestate saw the car before the collision occurred, or that he looked or took any precautions whatever to ascertain if a car was aproaching before he started to cross the avenue.   In the absence of such proof, either direct or inferential, the plaintiff failed to establish a cause of action, and the defendant's motion to dismiss the complaint should have been granted.

It was necessary for the plaintiff, in order to recover, to prove, not only the negligence of the defendant, but that his intestate was free from negligence.  Whalen v. Light Co., 151 N. Y. 70, 45 N. E. 363; Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780; Borden v. Railroad Co., 131 N. Y. 671, 30 N. E. 586; Weiss v. Railway Co., 33 App. Div. 221, 53 N. Y. Supp. 449; Johnson v. Railroad Co., 34 App. Div. 271, 54 N. Y. Supp. 547.  The collision occurred, not at a street crossing, but between streets, where the defendant had a paramount right to the use of that portion of the roadway upon which its tracks were laid.  That the defendant had such right is so well established that it is unnecessary to consider that question.  Adolph v. Railroad Co., 76 N. Y. 530; Fenton v. Railroad Co., 126 N. Y. 625, 26 N. E. 967; Rosenblatt v. Railroad Co., 26 App. Div. 600, 50 N. Y. Supp. 333.  This right it was necessary for the decedent to recognize when he started to cross the avenue, and, in view of it, to exercise such care for his own protection as a reasonably prudent man would have observed under similar circumstances.  He could not approach a point in the street where the defendant's right of way was superior to his, without exercising more care and caution than would be necessary for him to exercise if their rights were equal.  It is not claimed that the speed of the car was excessive, or that it was increased after the intestate started to cross, and he had no right to suppose that the car would be delayed in its progress in order to enable him to pass over the tracks

in safety. It was a clear day, and there was nothing to prevent the deceased, if he had looked, from seeing the approaching car, and whether or not he looked is entirely a matter of speculation. If he did not look, then he did not exercise the care which the law required. A reasonably prudent man does not pass over the tracks of a street railroad between streets without first observing whether a car is approaching which may cause him injury. If the intestate looked, and saw the car approaching, then he either carelessly and heedlessly drove in front of it, or else supposed that he had time to cross before the car would reach that point. If the former, the plaintiff was clearly not entitled to recover; and if the latter, the driver of the horse car had just as much right to suppose that the truck would pass in safety as the intestate had. In other words, the facts which it is claimed establish the negligence of the driver of the car also establish the negligence of the deceased. In this respect the case is precisely like that of Weiss v. Railroad Co., 33 App. Div. 221, 53 N. Y. Supp. 449. There this court held, where a child eight years and four months old was struck and killed by a street car, that:

"If it be conceded that the defendant was negligent in not controlling the car in such a way as to prevent the accident, the facts which would establish its negligence also established the negligence of the deceased. No other conclusion can be reached. The child and the car were both approaching the same point on the tracks. The car had 100 feet to go, and the child 21. The child traveled the 21 feet in the same space of time that the car traveled the 100 feet. She had the same opportunity of observing the movements of the car as the gripman did her movements. If the gripman, therefore, was negligent in not seeing her and stopping the car, and thus avoiding the accident, she was equally negligent in not seeing the car or in stepping in front of it. The defendant was under no more obligation to exercise care to prevent injury to her than she was to exercise care to prevent injury to herself."

But it is suggested, not by counsel, that the intestate had a right to rely upon the car being delayed in its progress to enable him to cross, if such delay were necessary, and for that reason contributory negligence cannot be predicated upon the mistake of judgment. This is the rule applicable to street crossings, but it is not true as applied to the place where the accident in question occurred. The deceased had no right to rely upon the car being delayed at that point to enable him to cross, because the defendant had there the paramount right of way. A fair consideration of all the evidence introduced upon the trial, it seems to me, requires us to hold that the plaintiff failed to establish the intestate's freedom from contributory negligence, and for that reason the judgment should be reversed.

I am also of the opinion that the judgment should be reversed because the learned trial justice refused to charge the defendant's eighteenth and twentieth requests. They were as follows:

"Eighteenth. It appearing from evidence introduced on behalf of the plaintiff, and by other evidence in the case, that the accident by which the decedent was injured did not happen at the intersection of Sixth avenue and 17th street, but at a considerable distance below the crossing, the defendant had a paramount right to that part of the street on which the track was laid on which its car was running for the unobstructed progress of its car at a lawful rate

of speed, and the decedent, Charles Ruppert, was bound in a reasonable manner to respect the paramount right of the defendant to the use of its railway track; and if the jury find from the evidence in this case that Ruppert did not respect such paramount right of defendant to the use of its track, but was endeavoring to cut off the car, and thus obstruct its progress, at the time of the accident, and was injured while engaged in violating the paramount right of the defendant, then the plaintiff cannot recover, and the defendant is entitled to a verdict."

"Twentieth. A street car has the right of way except at the intersection of the cross streets, and persons lawfully driving on the same tracks must not recklessly, carelessly, or willfully obstruct the passage of the cars."

There was no conflict in the evidence as to the place where the collision occurred. It was not at, but several feet south of, the Seventeenth street crossing. Therefore it must be conceded that the defendant had a paramount right to the use of the street at that point (Adolph v. Railroad Co., 76 N. Y. 530; Fenton v. Railroad Co., 126 N. Y. 625, 26 N. E. 967; Rosenblatt v. Railroad Co., 26 App. Div. 600, 50 N. Y. Supp. 333), and it was entitled to have the jury so instructed. But it is said that the requests were in fact covered by the main charge. With this I cannot agree. What the court did say in his main charge on the subject was that:

"The plaintiff's intestate was bound to use ordinary care in crossing that track. He was as much bound to look out for danger as the car driver was. The car driver was also bound to use ordinary care in approaching the crossing. He was bound to look out that he did not heedlessly or carelessly run over a person on the track. His duties were equal, as far as that particular point was concerned. Each of them—the driver of the truck and the driver of the car—was bound to use care, as far as each of them were concerned. * * * There was a little evidence as to the locality where the truck was at the time it was struck by the car. Some of the witnesses put it at or near or on the crossing, and others a few feet below. Neither party had the absolute right of way there. Each party was bound to look out for the other. * * * It was the duty of the driver of the car, if he saw the plaintiff on that track, to use ordinary care to prevent the car from running into the truck. That is what I mean by saying that neither one had the absolute right of way. If the car was 100 feet off when the truck was on the car track, or 50 feet away, or any distance, * * * then it was the duty of the driver of the car not to run into the truck nor to injure the plaintiff's intestate, and, if he failed to exercise such a degree of care, then he was negligent, and the company was negligent. People driving on a car track have no right to recklessly, carelessly, or willfully obstruct the passage of cars."

The instructions thus given fall far short of what the defendant requested. The defendant desired to have the jury told, plainly and explicitly, that, at the place where the collision concurred, the defendant had a paramount right to the use of that portion of the street, and the jury should have been so instructed. It is true that the court did charge that "people driving on the car track have no right to recklessly, carelessly, or willfully obstruct the passage of cars." But this only partially covered the twentieth request. Exceptions were duly taken to the refusals to charge these requests, and I think the exceptions well taken.

Upon both grounds, therefore,—first, because the plaintiff failed to prove the intestate's freedom from contributory negligence, and, second, because the trial court erred in refusing to charge as the defendant requested,—I think the judgment should be reversed,

and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., concurs.