taken in the first action should be deemed as taken in the second, and to form a part of the same. No new testimony affecting the result was given in the second trial, although the plaintiff testified that he had no knowledge of any change of plan regarding the sale of the lots until May 6, 1899. At the close of the second trial, the defendant's attorney made the same motion for a dismissal of the complaint as in the first trial, which motion was also granted, but without costs. We think that the disposition made of the cases by the court below was correct. Without passing upon the question of the alleged illegality of the scheme for the disposal of the lots of the defendant, which was claimed by the defendant to have been in the nature of a lottery, and therefore illegal, the final contract entered into between the parties gave to the defendant the right to abandon the proposed plan at any time, and that upon such abandonment by him the weekly payments should cease. The testimony in the first trial was undisputed that the plan had been abandoned by the defendant, and that the plaintiff had notice thereof on April 16, 1899, and that his weekly compensation was fully paid up to that time. The testimony of the plaintiff in the second trial, to the effect that he had no notice of any change of plan or abandonment of the same until May 6th, simply raised a question of fact for the determination of the trial judge. The plaintiff made no attempt to show that such abandonment by the defendant was unreasonable, capricious, or unjust, and, in fact, the testimony showed that the defendant had already expended large sums, of which about $600 had been paid to the plaintiff in furtherance of the scheme proposed by the plaintiff, without resulting in the sale of a single lot, and the defendant seemed fully justified in availing himself of the right reserved by him in the contract and accepted by the plaintiff to discontinue further payments thereunder.

Judgment affirmed in each case, but, as respondent failed to appear in court, affirmance is without costs. All concur.

(29 Misc. Rep. 121.)

### McFARLAND v. THIRD AVE. R. CO.

(Supreme Court, Appellate Term. October 4, 1899.)

COLLISION WITH STREET CAR—EVIDENCE OF NEGLIGENCE.

 Plaintiff was driving south on the east side of a street, and when a short distance past a street intersection he turned west, to cross defendant's tracks. Before doing so he looked, and saw a south but not a north bound car, and when a little more than halfway across the east track his vehicle was struck and injured by a north-bound car. The street at the time was well lighted, and the car had a headlight and was lighted inside. There was no evidence that the car was running at an unusual or excessive speed, nor that the employés in charge of it saw plaintiff in time to stop. *Held* not to show defendant's negligence.

Appeal from municipal court, borough of Manhattan, First district.

Action by Stephen McFarland against the Third Avenue Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Hoadly, Lauterbach & Johnson, for appellant.

John Callahan, for respondent.

FREEDMAN, P. J. The plaintiff brought this action and obtained a judgment for damages to his wagon sustained in a collision with a car of the defendant, caused by the alleged negligence of the defendant's servants. The only evidence to support the contention of the plaintiff is that of himself and one Thomas Lally, who was riding with him at the time the accident occurred. Their testimony fails to show any negligence on the part of the defendant. About 11:30 p. m. on June 4, 1898, the plaintiff and his companion were driving down Third avenue, on the east side, and when a short distance below Twenty-Fourth street turned west in an attempt to cross the tracks of the defendant. They testify that before endeavoring to cross they looked up and down the street; that they saw a downtown car, but did not see any uptown car; that when a little more than halfway across the uptown track they were struck by a car going north, and the injuries to the vehicle were received for which the plaintiff had a judgment. It appears that the avenue was well lighted, and that the car had a headlight and was lighted inside. The collision occurred at a point where the defendant had a paramount right to the use of that portion of the roadway upon which its tracks were located. Adolph v. Railroad Co., 76 N. Y. 530; Fenton v. Railroad Co., 126 N. Y. 625, 26 N. E. 967; Rosenblatt v. Railroad Co., 26 App. Div. 600, 50 N. Y. Supp. 333. There was no testimony going to show that the car was going at an unusual or excessive rate of speed, nor that any of the employés in charge of the car saw the plaintiff in time to have stopped the car. The only carelessness that can be alleged against the defendant is the fact that the gripman did not stop the car in time to avoid the collision. Such negligence must be predicated upon inference, as there is no direct testimony to that effect. If the plaintiff, who was driving, looked and did not observe the approach of the uptown car, no inference can be drawn that the servants of the defendant in charge of the car observed the plaintiff in time, and neglected to stop the car before it struck the wagon. No greater duty in that respect is imposed upon the defendant than is required of the plaintiff, especially in view of the point where the accident occurred. As proof of negligence on the part of the defendant is essential to maintain the action, and the record being barren of such proof, the judgment must be reversed. This failure of proof in respect to the alleged negligence of the defendant renders unnecessary any reference to the claim made by the appellant of contributory negligence on the part of the plaintiff.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.