of the defendant, and told that the amount of the check would be charged back to him, to which he objected. It was so charged back. Six years thereafter, less two days, this action was brought, as is allowable under the statute. The plaintiff contended that the deposit was made in the ordinary course of business, and that he was entitled to draw against it. On the other hand, the defendant contended, and its president testified, that, under the arrangement between the plaintiff and the bank, no payments were to be made against checks deposited before they had been collected by the bank, and that that arrangement applied to checks upon out of town as well as upon city banks. Upon this divergence of testimony, the learned justice at trial term denied a motion to dismiss the complaint, and then, upon the application of defendant's counsel, the case was sent to the jury upon the question as to what was the agreement between the parties respecting the deposit of checks. The jury found that there was no agreement prohibiting the plaintiff from drawing upon checks deposited, and thereupon judgment was properly entered, by direction of the court, in favor of the plaintiff. No tenable objection to any of the rulings of the learned justice upon the trial appearing, the judgment should be affirmed, with costs to the respondent.

Judgment affirmed, with costs to the respondent. All concur.

(29 Misc. Rep. 301.)

DEVINE v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. October 25, 1899.)

STREET RAILROADS—COLLISION WITH VEHICLES—NEGLIGENCE—EVIDENCE.
Plaintiff, on approaching a street-railway company's tracks, stopped, and waited for a south-bound car to pass, and, starting on, discovered a north-bound car approaching. The gripman on the latter car saw plaintiff stop, and, believing he intended to stand, continued on with his car. When the south-bound car passed, he next saw plaintiff come in behind it, not more than 10 or 12 feet away. There was no evidence that the car was going at an unusual speed, that any of the employés in charge saw plaintiff in time to avoid a collision, or that plaintiff looked in either direction before starting on. Held insufficient, in an action for injuries received in the collision, to show negligence in defendant.

Appeal from city court of New York, general term.

Action by James Devine against the Metropolitan Street-Railway Company. From a judgment of the general term of the city court affirming a judgment on a verdict for plaintiff and an order denying a motion for a new trial (58 N. Y. Supp. 1139), defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Henry A. Robinson, for appellant.
Hays, Greenbaum & Hershfield, for respondent.

MacLEAN, J. This action was brought to recover damages for injuries to the person and property of the plaintiff, alleged to have been caused by the negligence of the defendant. In October, 1896, the plaintiff was driving a horse and cart, loaded with dirt, from

Nineteenth street, near Sixth avenue, to the East river. When he reached Broadway, he saw a south-bound car approaching, and stopped and waited until that car had passed. When that car had passed, he started on, and for the first time looked around. He was at that moment "getting in on the downtown track," when he saw a north-bound car, 20 to 25 feet away, approaching "kind of swift." He put up his hand to the brakeman to stop the car, but all too late, apparently, to avoid a collision. Upon his cross-examination, the plaintiff said:

"I was going across the track behind a downtown car that went away, and I was going in upon the other side, when I noticed the car coming up, and then I put up my hand. Then there was another car going down at the same time, and I saw that I should go on, because I could not get back. This car that hit me was going up. I was going easy. I had a heavy load. My horse was walking."

The gripman testified that he saw the plaintiff and his cart when it was 25 feet from the westerly corner of Broadway and Nineteenth street, and his car probably over 50 feet from the crossing; that the plaintiff pulled up for the downtown car to pass (and the plaintiff himself testified that he stopped to allow the downtown car to pass); that, believing the plaintiff had come to a standstill, he continued on with his car; that when the downtown car had passed, and when he next saw the horse, the plaintiff came in behind the downtown car, and was not more than 10 or 12 feet away (and the plaintiff himself testified that he started on after the south-bound car had passed, and for the first time saw the approaching uptown car, as he says, 20 to 25 feet away). At the close of the whole case, the counsel for the defendant moved for dismissal, on the ground that the plaintiff had failed to prove negligence on the part of the defendant, and its absence on his own part. The motion was denied, and an exception taken.

This was error. At the place where the accident happened, the rights and duties of the parties were equal and reciprocal. When the plaintiff stopped to allow the south-bound car to pass, he was apparently in a position of security, and where he acted in a way to indicate that he would so remain, at least and until the car coming up had passed. Seemingly without the exercise of any care on his part (there is no evidence that he had even looked in either direction), he started on, and suddenly discovered that he was between two perils,—a car approaching from the north and one from the south. Under the circumstances of this case, no greater duty was imposed upon the defendant than was required of the plaintiff, and the necessary inference is that the plaintiff failed to acquit himself of contributory fault, so that it was error to deny a dismissal of the complaint. It should be held, therefore, as was said in McFarland v. Railroad Co. (decided Oct. Term) 60 N. Y. Supp. 273:

"There was no testimony going to show that the car was going at an unusual or excessive rate of speed, nor that any of the employés in charge of the car saw the plaintiff in time to have stopped the car. The only carelessness that can be alleged against the defendant is the fact that the gripman did not stop the car in time to avoid the collision. Such negligence must be predicated upon the inference, as there is no direct testimony to that effect."

The judgment of the general term of the city court, affirming the judgment of its trial term entered upon a verdict, should be reversed, and a new trial ordered.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J. I concur, on the ground that the evidence is insufficient to establish negligence on the part of the defendant.

LEVENTRITT, J., takes no part.