G. Washbourne Smith, for appellant.
Henry A. Robinson, for respondent.

FITZSIMONS, C. J. The testimony of plaintiff, if not contradicted by defendant, would have entitled and justified the jury in rendering a verdict against defendant. It was error, therefore, to dismiss the complaint.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.

CONLAN, J., concurs.

---

(32 Misc. Rep. 635.)

## LUDECKE v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. October 29, 1900.)

STREET RAILROADS—INJURIES CAUSED BY COLLISION—QUESTION FOR JURY.

Where plaintiff attempted to cross a street-car track with a horse and wagon while a street car was 50 feet distant, and approaching rapidly, the trial court's refusal to submit the question whether the car driver on the one hand and the plaintiff on the other used the ordinary care of reasonably prudent persons to avoid the collision to the jury, and dismissal of suit, is reversible error.

Appeal from trial term.

Action by Frank E. Ludecke against the Metropolitan Street-Railway Company. From a judgment in favor of the defendant and an order denying a new trial, plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

Black, Olcott, Gruber & Bonynge, for appellant.
Henry C. Robinson, for respondent.

CONLAN, J. The action is for negligence in the alleged killing of plaintiff's horse. The evidence of the plaintiff is to the effect that the horse and wagon were being driven on the down track on Columbus avenue, following a car going south; and when between Eighty-Seventh and Eighty-Eighth streets, and near Eighty-Eighth street, the driver saw a car on the up track, standing at Eighty-Seventh street crossing, and in endeavoring to cross to the east side of the avenue one of the wheels of his wagon became caught in the track, and somewhat retarded his progress; and that, without warning of any kind from the person in charge of the car on the east track, which had then begun to move north, and before he had crossed to the up track, the car collided with the horse and fore wheel of the wagon, and thus caused the injury complained of.

The rule is well settled that surface cars have no superior right upon the streets and avenues of a city over any other vehicle.

In the case of Lawson v. Railway Co., 40 App. Div. 307, 57 N. Y. Supp. 997, the court said:

"The question in every case is: Had the approaching parties—the car driver on the one hand and the person crossing the track on the other—used the ordinary care of reasonably prudent persons to avoid a collision under the

given conditions? In the nature of things, that question must always be submitted to the jury."

In the case cited the moving car was 50 feet away, and in rapid motion, when the driver turned his team upon the track, and the court, in this connection, said:

"When one attempts to cross the track of a street car, and has approached the track at such a distance from an approaching car that he has reasonable grounds to suppose he will be able to cross the track, it is the duty of a street-car driver to give him a reasonable opportunity to cross; and if, for that purpose, it is necessary for him to check the speed of the car, or even to stop the car entirely for a short space, it is his duty to do it; and the person crossing the track has the right, without being charged with contributory negligence, to assume that that duty will be performed,"—citing Kennedy v. Railroad Co., 31 App. Div. 30, 52 N. Y. Supp. 551.

We think the cases are parallel, and that it was error in taking the case away from the consideration of the jury which calls for a reversal.

Judgment and order reversed, and a new trial granted, with costs to the appellant to abide the event.

FITZSIMONS, C. J., concurs.