common, and there is not a suggestion of any adequate substitute inherently safer.

The remaining question is whether there is any evidence that required the submission of the question of improper appliance to the jury. The plaintiff testifies that the push stick was 4 or 4½ feet long, 4 inches in diameter, and sawed off straight at either end. The engineer of the locomotive, who furnished the stick, was called by the plaintiff, and testified that he sawed it off and measured it; that it was of oak, 6 feet by 3 inches by 4 inches, square at the ends, and prepared for the specific purpose. The stick did not break—it slipped off the car—and there is no evidence which warranted the inference that it was improper in material or in form for the use in question. Some point is made that it was of improper length, but it does not appear that if the stick had been longer it would not have slipped, or whether a stick adapted for the use could have been made sufficiently long to permit the plaintiff to escape the peril incident to a slip of a stick under the circumstances. So far as the inherent character of the appliance is concerned, Cullen, J., in considering a similar appliance put to a similar use, says, "The stick was the simplest possible contrivance, of the adequacy of which the plaintiff was entirely competent to judge." Garrison v. McCullough, 28 App. Div. 467, 51 N. Y. Supp. 128; Marsh v. Chickering, 101 N. Y. 396, 5 N. E. 56; Cahill v. Hilton, 106 N. Y. 512, 13 N. E. 339.

The exceptions to the ruling excluding the questions as to what in the opinion of the witness Bedell would be a safe length for a push stick were not well taken, as the questions called for an expert's opinion upon the question to be submitted to the jury, and there was nothing in the subject so complicated as to make expert evidence competent. Dougherty v. Milliken, 163 N. Y. 527, 57 N. E. 757, 79 Am. St. Rep. 608, and authorities cited.

The judgment and order should be affirmed, with costs. All concur.

---

WIMPLEBERG v. YONKERS R. CO.

(Supreme Court, Appellate Division, Second Department. May 1, 1903.)

1. CARRIERS — INJURIES TO PASSENGER—NEGLIGENCE—CONTRIBUTORY NEGLI-
    GENCE—EVIDENCE—QUESTION FOR JURY.
    In an action against a carrier for injuries received by a passenger on its train, where the jury might have inferred from defendant's evidence, though of a negative character, that no accident had occurred. to plaintiff in the manner stated by his witnesses, either through any negligence of defendant, or without contributory negligence on plaintiff's part, it was error to take from the jury the question whether plaintiff had established his freedom from contributory negligence.

Appeal from Trial Term.

Action by Samuel Wimpleberg against the Yonkers Railroad Company. From a judgment of the City Court of Yonkers, entered on a verdict in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Arthur Ofner (Charles F. Brown, on the brief), for appellant.
John F. Brennan, for respondent.

GOODRICH, P. J. The plaintiff sues for damages occasioned by his fall from a car of the defendant on which he was a passenger. There was evidence sufficient to show that, as he was about to alight, the car, which had stopped, started with a sudden jerk, throwing him down. The answer was a general denial, and an allegation of the plaintiff's contributory negligence. Defendant denied that any such accident had occurred, and produced all its employés in charge of the cars at the time and locality in question, and also a police officer stationed at that place, and none of them had seen or heard of any accident to the plaintiff. From the verdict in favor of the plaintiff, the defendant appeals.

The court instructed the jury that:

"The method or way in which the accident is stated to have occurred, upon the theory of the plaintiff, is not combated by the defendant at all. * * * The defendant does not attempt to account for the accident at all. * * * If you decide, however, that the accident did happen, and that Dr. Wimpleberg was thrown on the ground and hurt, practically as he and his corroborating witnesses have described, without fault on his part, then you will consider the question as to what damages," etc.

Defendant's counsel requested the court to charge—

"That the testimony shows that the plaintiff did not observe proper precautions when the car was approaching or at the corner of·Central avenue and Yonkers avenue, and that the jury may find from such testimony that the plaintiff was guilty of contributory negligence, and may therefore find a verdict for the defendant. The Court: I decline to.charge that. There is no contest over the manner in which the accident happened. It either happened substantially as described by the plaintiff and his witnesses, or it didn't happen at all. There is no contest over contributory negligence, although, if guilty of it, he cannot recover. (Defendant's counsel excepts to the court's refusal to charge as requested, and to that part of the modification where you say there was either an accident substantially as alleged by the plaintiff, or there was no accident at all.)" He also excepted "to all and every part of your charge, and your taking from the jury the question as to whether or not the plaintiff was guilty of contributory negligence."

The refusal to charge the defendant's request and the charge on this subject constitute a ruling by the court that the plaintiff was not guilty of contributory negligence. In actions of this nature the trend of modern authority is to require the submission of the question of a plaintiff's contributory negligence to the jury, whenever there is any evidence, however slight, from which the jury might infer that the plaintiff was free from such negligence. This is for the benefit of a plaintiff. By parity of reasoning, a defendant should have the right to have the question of the plaintiff's contributory negligence submitted to the jury whenever there is evidence, slight though it may be, from which the jury might infer that the plaintiff was guilty of contributory negligence. In the present case the jury could have believed a part and rejected a part of the plaintiff's testimony, as he was a party in interest; and so, also, they could have rejected a

part of the testimony of any other witness, because inconsistent with the evidence of the defendant's witnesses that no such accident occurred. The jury might have inferred from the defendant's evidence, though it was of a negative character, that the story of the accident was made out of whole cloth, and that no accident had occurred to the plaintiff in the manner stated by his witnesses, either through any negligence of the defendant, or without contributory negligence on the part of the plaintiff. It was therefore error for the court to take from the jury the question whether the plaintiff had established his freedom from contributory negligence. The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.