ery of the trunk to the plaintiff. Springer v. Westcott, supra. The Long Island Railroad Company offered no evidence against this prima facie case. There is no hardship in this doctrine viewing the relative positions of the traveler and the expressman, for the latter had full opportunity to inspect and to examine the trunk when it took it from the receiving station of the Delaware, Lackawanna & Western Railroad Company; and, if it received the trunk from that company in a damaged condition, it could at least have offered testimony to that effect. On the other hand, the traveler, under the circumstances, is entirely at a loss to prove specifically any act of commission or omission on the part of the express company. Therefore the burden is well placed upon the express company to show that it delivered the trunk in the condition in which it received it. I am of opinion that the receipt read in evidence does not limit the liability of the company. When a traveler delivers luggage to the agent of an express or a transfer company, and at the moment receives and accepts a paper that "amounts simply to a voucher" which he may use to trace and identify his luggage, no contract arises therefrom as a matter of law whereby the liability of the company is limited in accord with the terms and conditions expressed in such paper. Zimmer v. N. Y. C. & H. R. R. R. Co., 137 N. Y. 450, 33 N. E. 642, approving Grossman v. Dodd, 63 Hun, 324, 17 N. Y. Supp. 855; Springer v. Westcott, supra. In Grossman v. Dodd, supra, the court, per O'Brien, J., after discussing the rule, say:

"The question whether, in a particular case, the party receiving such a receipt accepted it with notice of its contents, or with notice that it contained the terms of a special contract, so as to require him to acquaint himself with its contents, is one of evidence to be determined by the jury. It will thus be seen that no such contract arises, as a matter of law, from the acceptance of the receipt; but the defendant, in order to relieve itself of full liability, is bound to establish a contract. Sunderland v. Westcott, 40 How. Prac. 469; Blossom v. Dodd, 43 N. Y. 264, 3 Am. Rep. 701; Rawson v. Penn. R. R. Co., 2 Abb. Prac. (N. S.) 220; Limburger v. Westcott, 49 Barb. 283."

See, too, Rosenthal v. Weir, 170 N. Y. 148, 63 N. E. 65, 57 L. R. A. 527. There is proof to warrant the finding that the plaintiff neither read the receipt nor had his attention called to it. In the absence of all other evidence, I think that it cannot be held that the liability of the expressman is limited by the terms of the receipt.

The judgment as to the Delaware, Lackawanna & Western Railroad Company should be reversed, and a new trial be ordered; costs to abide the event. As to the Long Island Railroad, the judgment should be affirmed, with costs. All concur.

---

### BINSELL v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. STREET RAILROADS—INJURIES AT CROSSING—ACTIONS—INSTRUCTIONS.

Where, in an action for injuries to plaintiff in a collision with a street car as plaintiff was driving across the track at a crossing, it appeared that the wagon and the car came together without any increase in the speed of either from the time when plaintiff was 10 or 15 feet from the

track and the car was 50 feet away, an instruction that if plaintiff's horse was walking, and the car was 50 feet away, plaintiff had a perfect right to undertake to cross the track, if the car was going at a reasonable rate of speed, was prejudicial error, as withdrawing from the jury's consideration both the question of defendant's negligence and plaintiff's contributory negligence.

**2. SAME—CONTRIBUTORY NEGLIGENCE.**

Where the driver of a vehicle attempted to cross a street railway track at a crossing, with his horse going at a walk, from a point within 10 or 15 feet of the rail, when the car was approaching, 50 feet distant, the question of plaintiff's contributory negligence was not a mere question of arbitrary measurement, but was a question of fact, depending somewhat on the conditions at the time plaintiff actually drove on the track, when he might possibly have avoided the accident, and when it may have been too late for defendant's motorman to have prevented a collision.

Appeal from Municipal Court of New York.

Action by Edward A. Binsell against the Interurban Street Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

William E. Weaver (Henry W. Goddard, on the brief), for appellant. Melville J. France, for respondent.

HIRSCHBERG, P. J. The accident which furnishes the basis of the judgment for damages which the plaintiff has recovered occurred in the daytime at the corner of Lexington avenue and Thirtieth street, in the borough of Manhattan. It was occasioned by a collision between one of the defendant's cars and a wagon driven by the plaintiff. On the question of the plaintiff's contributory negligence, the court charged the jury as follows:

"Now, of course, if the horse was walking, and this car was fifty feet away, he would have a perfect right— That car going at a reasonable rate of speed, and he within ten or fifteen feet of a rail at a crossing—a regular crossing— he would have a perfect right to undertake to cross that track, if the car was fifty feet from him," etc.

To this portion of the charge the defendant excepted, and the exception presents the only question necessary to be considered on the appeal.

The charge was equivalent to the direction of a verdict in favor of the plaintiff in the event the jury reached the conclusion that, at the time the plaintiff undertook to cross the defendant's tracks, the relative distances of the vehicles from the point of collision were as stated by the court. It removed from the consideration of the jury both the question of the defendant's negligence and that of the plaintiff, and instructed them that the controversy should be determined upon the theory that, as matter of law, the plaintiff, when walking his horse at a distance of 10' or 15 feet from the track, had a right to undertake to cross, which was "perfect," notwithstanding an oncoming car was only 50 feet away. The wagon and car did come together without any increase in the speed of either, and whether the result was owing to the negligence of those in charge of the vehicles was a question of fact, and not of law. It may be conceded that the jury would be entitled

to relieve the plaintiff from all imputation of blame, under the circumstances, as matter of fact; but the proposition presented by the trial court was certainly not a sound conclusion of law, in view of the many other considerations of relative speed and behavior of the parties which necessarily enter into its solution. Among other things, it wholly ignored the question of the distance of the car from the horse at the time the latter was actually driven upon the track, and assumed as the law that, starting at the distances named, and approaching, the one at a walk, and the other at a reasonable rate of speed, the vehicles could only come together by virtue of some act of negligence on the part of the defendant, to which it was impossible for the plaintiff to contribute. Whether or not the plaintiff was at fault depended somewhat, at least, upon the condition of things at the time he actually drove upon the track, when he possibly might have avoided the accident by the exercise of such care as the situation then presented may have required, and when it may have been too late for the defendant's motorman to have prevented the collision, all of which considerations are eliminated in the portion of the charge excepted to. Negligence is not a mere question of arbitrary measurement, but is generally one for the judgment of a jury, addressed to the facts of the particular case. Wimpleberg v. Yonkers Railroad Co., 83 App. Div. 19, 81 N. Y. Supp. 963; Reilly v. Troy City Railway Co., 32 App. Div. 131, 52 N. Y. Supp. 611; Connor v. Metropolitan Street R. Co., 77 App. Div. 384, 79 N. Y. Supp. 294; S. S. N. Bank v. Sloan, 135 N. Y. 383, 32 N. E. 231; Kellegher v. Forty-Second St., etc., R. Co., 171 N. Y. 309, 63 N. E. 1096.

The learned counsel for the respondent cites the case of Lawson v. Metropolitan Street R. Co., 40 App. Div. 307, 57 N. Y. Supp. 997, as authority in support of the charge herein. In that case the car was about 50 feet away when the decedent's horse reached the track, and it was held (per headnote) "that, upon the evidence, the question whether the driver of the car was negligent, and whether the intestate was free from contributory negligence, was for the jury."

The error was not cured by the other portions of the charge, nor can it be said that the charge stated the law correctly, taken as a whole; and the judgment must therefore be reversed.

Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event. All concur.