Pollak & Deutsch, for appellant.
Robert W. Todd, for respondent.

MacLEAN, J. In view of the testimony of the plaintiff in this action to recover for services claimed to have been rendered, upon request, to the defendant, and as the procuring cause of a leasing by the defendant to one Dempsey of certain premises, it is quite immaterial whether he did or did not effect the leasing, because on his own showing he was at one nonce trying to play inconsistent roles, secretly to serve with fairness two employers whose respective interests were irreconcilable—the one's to hire on the lowest possible terms, and the other's to lease for the best obtainable price; for he testified that he was looking for commissions from both parties, that he was trying to serve both, trying to get the most he could for the lessor and to get the lessor down as he could for the lessee, and that he never told the defendant that he was representing the lessor. The judgment should be affirmed, with costs.

Judgment affirmed, with costs.

BISCHOFF, J., concurs. GILDERSLEEVE, P. J., concurs in the result.

---

PURCELL v. UNION RY. CO.

(Supreme Court, Appellate Term. March 5, 1908.)

STREET RAILROADS—REGULATION AND OPERATION—ACTIONS FOR INJURIES—INSTRUCTIONS.

In an action for injuries in being struck by a car while crossing defendant's track, an instruction that "when one attempts to cross the tracks of a street car, and has approached the track at such a distance from the approaching car that he has reasonable ground to suppose that he will be able to cross the track, it is the duty of the street car driver to give him a reasonable opportunity to cross, and if for that purpose it is necessary for him to stop his car for a time, it is his duty to do so," and that the jury must determine whether, when he approached the track, the car was such a distance away as led him to believe that he could cross in safety, and that if he did not so believe he could not recover, "because he accepted himself the risk he then took," was erroneous, inasmuch as it largely left the standard of the motorman's care to the apprehension of plaintiff, who had no more right to indulge the assumption that the motorman would stop than the motorman that plaintiff would keep out of the way of the car.

Appeal from City Court of New York.

Action by William L. Purcell against the Union Railway Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Anthony J. Ernest, for appellant.
Joseph H. Radigan, for respondent.

MacLEAN, J. Upon the evidence alone, one passenger supporting the testimony of the plaintiff, and the conductor and another pas—

senger, a woman, that of the motorman, the jury might have resolved the questions of fact either way, and found a verdict not here to be disturbed, notwithstanding some inconsistencies on the plaintiff's part respecting points of the compass and the direction in which he had been and was driving before and at the time of the collision. One important exception, however, was taken to the charge of the learned trial justice, who said:

"Now, what is the law applicable to this case? The law says that when one attempts to cross the tracks of a street car, and has approached the track at such a distance from the approaching car that he has reasonable ground to suppose that he will be able to cross the track, it is the duty of the street car driver to give him a reasonable opportunity to cross, and if for that purpose it is necessary for him to stop his car for a time it is his duty to do so."

That was an objectionable assertion, inasmuch as it largely left the standard of the motorman's care (the ordinary care of an ordinarily prudent man) to the apprehension of the plaintiff—an incorrect standard. Fact it is that almost these very words can be found in an opinion in the court of next resort, based, according to the accompanying citation, upon an earlier opinion in another case containing an outburst of aphorisms or colloquial commonplaces, which, bearing the hallmark of an appellate court, have since been fervidly repeated to juries in street crossing cases. These words do not express the law—the law applicable to the case at bar. Furthermore, as if to impress upon the jury the signal importance of the plaintiff's reasoning, the court added:

"But I say to you, gentlemen, right here, that the inverse of that rule or proposition is equally true. You have got to determine, assuming the truthfulness of the statements given to you by the plaintiff and his witnesses, when he approached that track in his effort to cross it, whether that car was such a distance away from him as led him to believe that he could get over the track in safety. If he did not, he could not recover, because he accepted himself the risk he then took."

This addition was not curative. This accentuated the instruction foregoing, and left out the mutuality of their respective obligations. Even if the plaintiff had reasonable ground (ground reasonably) to suppose, he might not heedlessly proceed under circumstances obviously perilous. Such accentuation of the motorman's obligation to exercise care to avoid a collision by making it his duty to stop when the plaintiff by his reasonable ground allowed an inference, almost naturally, that the plaintiff might rely upon the motorman stopping. That is not the law, nor is it the unwritten rule of the road, both of which require active care on the part of the individual in charge of the vehicle, horsed or horseless. The plaintiff had no more right to indulge the assumption that the motorman would stop than the motorman that the driver would keep out of the way of the car. Thompson v. Met. St. Ry. Co., 89 App. Div. 11, 13, 85 N. Y. Supp. 181. For this erroneous laying down of the law, the judgment must be reversed.

It may be added, while there is no tariff for injuries, that according to the compensation roughly deducible from verdicts the present is at least more than double the damage ordinarily awarded, particularly

as from the plaintiff's active exercise of his calling he has presumably recovered his good form, and keeps it by regular, unless something too sedentary, exposure in the open air.

Judgment reversed, and new trial ordered, with costs to abide the event.

BISCHOFF, J. I concur in the reversal of this judgment for error in the charge. The language, taken by the trial court from the opinion rendered in Lawson v. Union Ry. Co., 40 App. Div. 312, 57 N. Y. Supp. 997, was evidently used by Mr. Justice Rumsey, not as a complete statement of the relative rights and duties of the operators of cars and of persons crossing the tracks, but simply as bearing upon the matter of contributory negligence. That this was the meaning of the court, and that there was no intention to depart from the well-settled rules of law applicable to the subject, is rendered quite clear from the case cited by the writer of the opinion (Kennedy v. Railroad Co., 31 App. Div. 30, 52 N. Y. Supp. 551) as authority for the proposition stated. The words thus used by the Appellate Division, when employed verbatim for an instruction to the jury in the case at bar, necessarily prejudiced the defendant, since the fact of the operation of the plaintiff's mind as to the reasonableness of his attempt to cross the track was made to measure the duty of the defendant's servant, whether the latter had reasonable ground to expect the attempt or not.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs.