It seems to us proper that attention should be called to the constant abuse in the preparation of these hypothetical questions. It is often most difficult for the court to determine, at the time such a question is asked, whether there is evidence to sustain a finding that all of the facts that the witness is asked to assume did exist; and counsel should always remember that, if a hypothetical question of this character is allowed, and if anything is assumed not based upon facts either admitted or established by evidence, or which, if controverted, the jury might legitimately find on weighing the evidence, an exception to the admission of such a question may be fatal to a verdict.

The judgment is therefore reversed, and a new trial ordered, costs to defendant to abide the event. All concur.

---

(33 App. Div. 221.)

### WEISS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

STREET RAILROADS—INJURY TO CHILD—CONTRIBUTORY NEGLIGENCE.
    A child between eight and nine years of age, who attempts to cross a city street in the middle of a block, either without looking for an approaching street car, or in blind and heedless disregard of its rapid approach, is guilty of contributory negligence.

Appeal from trial court, New York county.

Action by James Weiss, as administrator, against the Metropolitan Street-Railway Company. From a judgment dismissing the complaint after trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Otto Horwitz, for appellant.
Charles F. Brown, for respondent.

McLAUGHLIN, J. Plaintiff's intestate, a daugher eight years and four months old, in attempting to pass over Lexington avenue, between 106th and 107th streets, in the city of New York, was struck by one of defendant's cars and killed; and this action was brought to recover damages, upon the ground that her death was caused solely by reason of the negligence of the defendant. Upon the trial, at the close of plaintiff's case, the complaint was dismissed, because, in the opinion of the learned trial justice, the plaintiff had failed to establish that the deceased was free from contributory negligence. The ruling thus made presents the only question for our consideration on this appeal.

It appeared upon the trial that two persons witnessed the accident, Nathan Pincus and his daughter Eva, and their testimony tended to show that the deceased was killed between 12 and 1 o'clock in the afternoon, on a bright, clear day, at a place where there was an unobstructed view of the street and of the car in question for something over 100 feet; that when they first observed the deceased she was standing by the curbstone in front of the store occupied by them, on the east side of Columbus ave-

nue, between 106th and 107th streets, and that the distance from where she stood to the nearest rail of the track on which the car was approaching was about 21 feet, and that the car was then near 107th street, nearly or quite 100 feet away; that they observed the deceased looking up and down the avenue, and then starting towards the track, but their testimony failed to disclose what precautions, if any, were thereafter taken by her. One of the witnesses testified that she was struck in the middle of the track; the other, that she was struck just as she was stepping on the track. In either case it is apparent that, had she exercised any care whatever before going upon the track, her life would have been spared. It is undisputed that after the car left 107th street she could have seen it, if she had looked. It is not even suggested that her movements towards the track after leaving the curbstone were impeded in any way, that her vision was obscured, that her attention was distracted, or, indeed, that anything occurred that could have prevented her seeing the approaching car, and avoiding the accident, had she exercised any care whatever. We have thus presented this state of facts: A child eight years and four months old, of ordinary intelligence, good eyesight and hearing, accustomed to go upon the street unattended, regarded by her father as entirely competent to take care of herself, is observed 21 feet from the track upon which she was killed, looking in the direction of an approaching car, then over 100 feet away, on a bright day, with nothing to obstruct her view or prevent her seeing the car. She is also observed to start towards the track, and is struck and killed by the car just as she steps upon the first rail, or else in the middle of the track. If it be conceded that the defendant was negligent in not controlling the car in such a way as to prevent the accident, the facts which establish its negligence also establish the negligence of the deceased. No other conclusion can be reached. The child and car were both approaching the same point on the track. The car had 100 feet to go; and the child, 21. The child traveled the 21 feet in the same space of time that the car traveled the 100 feet. She had the same opportunity of observing the movements of the car, as the gripman did her movements. If the gripman therefore was negligent in not seeing her and stopping the car, and thus avoiding the accident, she was equally negligent in not seeing the car, or in stepping in front of it. The defendant was under no more obligation to exercise care to prevent injury to her than she was to exercise care to prevent injury to herself. It is true, on account of her age, she was not required to exercise that same degree of care which an adult would be required to exercise. Nevertheless she was bound to exercise some care,— care at least commensurate with her age and intelligence. The rule seems to be well settled that an infant, whatever his age may be, is not in law excused from exercising some care in approaching and passing known places of danger. If he fails to do this, and is so young that he is termed in law non sui juris, then his negligence is imputed to his parent or guardian. The

case at bar is much like Fenton v. Railroad Co., 126 N. Y. 625, 26 N. E. 967, where a boy nearly 10 years old was killed, and the observation made by the court of appeals in that case in reversing the judgment is quite applicable here. "There was nothing," says the court, "requiring this boy to run across the track at this particular place and time. If he had walked, he probably would not have fallen; and, if he had waited two or three seconds, the car would have passed, and he could then have gone over the street in safety. Street-railway cars have a preference in the streets, and while they must be managed with care, so as not to carelessly injure persons in the street, pedestrians must, nevertheless use reasonable care to keep out of their way. The unfortunate death of this boy was due to his own carelessness, or it was pure accident, and in either event the defendant cannot be held responsible for it." And to the same effect are Bello v. Railway Co., 2 App. Div. 313, 37 N. Y. Supp. 969; Costello v. Railroad Co., 26 App. Div. 49, 49 N. Y. Supp. 868; Trafton v. Railway Co. (not yet officially reported) 52 N. Y. Supp. 1150; Wendell v. Railroad Co., 91 N. Y. 425. In all of these cases, except the Trafton Case, the injured person was an infant, but a recovery was denied on the ground of contributory negligence. Thus, in the Wendell Case the infant was seven years of age; in the Bello Case, eight years and ten months; in the Fenton Case, ten years; the Costello Case, eight years. It would seem that the deceased either did not look to see whether a car was approaching, or, if she did, then she blindly and heedlessly walked in front of it. In either case, one is irresistibly led to the conclusion that her death resulted in part, at least, from her own negligence.

It therefore follows that the complaint was properly dismissed, and the judgment must be affirmed, with costs. All concur.