(81 App. Div. 596.)

### SULLIVAN v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department. April 9, 1903.)

1. STREET RAILWAYS—KILLING CHILD ON TRACK—CONTRIBUTORY NEGLIGENCE OF PARENT.

    The parent of a child killed by a street car was not guilty of contributory negligence in letting the child go on the street unattended, he having been in the habit of going to school unattended for a year, and being at the time on his return from school.

2. SAME—CONTRIBUTORY NEGLIGENCE OF CHILD.

    Whether a child seven years and eight months old, who, running after boys who had his cap, followed towards a street car track, without looking for a car, and was struck by a car, was guilty of contributory negligence is a question for the jury.

    Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from Trial Term.

Action by Timothy J. Sullivan, administrator of Joseph Sullivan, deceased, against the Union Railway Company of New York City. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

    81 N.Y.S.—29

Charles F. Brown, for appellant.

Stephen C. Baldwin, for respondent.

PATTERSON, J. The plaintiff's intestate, a lad seven years and eight months old, was killed by being run over by a car of the defendant on the afternoon of the 6th of May, 1901. The accident happened on Third avenue, in the borough of the Bronx, in the city of New York, at a point between 172d and 173d streets, on the northerly track of the defendant's road. The decedent was playing with two other boys on the east sidewalk of Third avenue. The three lads started to run across the avenue, the two other boys running faster than the child who was killed. There was evidence to show that when the plaintiff's intestate left the sidewalk the car by which he was struck was somewhere between 70 to 100 feet south of him, and the car was proceeding rapidly. There was also evidence that when the first boy reached the track the car was about 50 feet away, the second boy in line was a few feet behind the first, and the plaintiff's intestate some 7 feet behind the second boy. The tendency of the plaintiff's evidence was to establish that it was a clear bright day, and the boys were within sight of the motorman of the car, had he been looking, and that the motorman was negligent, in view of the situation of the boys, in not checking the speed of his car or avoiding the accident when he plainly could have done so. The evidence on the part of the defendant was to the effect that the deceased did not approach the car from the east side of Third avenue, but from the west; that he had been riding behind a wagon, and that he got off the wagon, and ran in front of the car, before the motorman could stop it. There was a great conflict of evidence on these two versions of the accident, but on that conflict the jury have found, upon sufficient evidence, that the plaintiff's version was the correct one.

It is contended by the defendant that the complaint should have been dismissed on the ground that the decedent or his parents were guilty of negligence contributing to the accident, and it is said that this case is not distinguishable from Weiss v. Met. St. Ry. Co., 33 App. Div. 221, 53 N. Y. Supp. 449. There is nothing in the way of negligence which can be imputed to the parents of this child in allowing him to be upon the street unattended. He had been in the habit of going to school on Third avenue unattended for at least a year, and on the afternoon on which the accident occurred he was returning from school. But it is claimed that the proof establishes negligence of the child himself, he not having looked or there being no evidence that he looked for approaching cars before he left the sidewalk. It is said that an infant, whatever his age, is not excused from exercising some care in approaching and passing known places of danger, and if he fails to exercise such care his negligence is to be imputed to his parents or guardian. But no more care and no more prudence is required of a child than such as would be expected from one of his age. Here the decedent and his two comrades were playing on the sidewalk. There was evidence from which the jury could infer that they were playing with the decedent's

cap. They were throwing it around, one to the other, and when the child was picked up his cap was found lying further down the avenue than the spot at which he was struck. One of the witnesses saw the little boys with the cap running towards the track, and the inference was fair that the deceased was running after it. It was for the jury to say, under all the circumstances of the case, whether the conduct of the child was such as to make him chargeable with contributory negligence, or whether he should have looked for an approaching car before he went in pursuit of his comrades.

The Weiss Case is not an authority here. That case was largely influenced by a calculation of distances, but under very different circumstances from those appearing here. There a child eight years and four months old, of ordinary intelligence, good eyesight and hearing, competent to take care of herself, was observed 21 feet from the track on which she was killed, looking in the direction of an approaching car over 100 feet away, with nothing to obstruct her view or prevent her seeing the car. The car had 100 feet to travel and the child 21 feet to traverse. She was killed just as she stepped upon the first rail, or in the middle of the track. It was considered that it was as much negligence upon her part, having observed the car, to walk into it, or directly in front of it, as it was negligence for the motorman not to stop or slow up his car so as to avoid contact with her. Here the case is very different. In the Weiss Case there was apparently knowledge of the situation and a deliberate act of the child in walking in front of the car. In this case all the circumstances were for the jury. It is said in the Weiss Case that if the child did not look for an approaching car she should have done so, but that remark must be considered in view of the particular facts of that case.

The learned trial judge left the subject fairly for the consideration of the jury. He instructed them that if they concluded the lad was "what the law designated as sui juris—that is, able to take care of himself"—they must then consider whether he did take adequate care, for, if he did not, his omission to do so would defeat his father's claim; that it was expected and required of the child to exercise that care and caution that was common and usual in one of his age; and that it was for them, in determining whether or not the lad was careless, whether he did what was common and usual in one of his years. If he did, then he was not guilty; if he did not, he was careless, guilty of such negligence, and his father could not recover in the action.

We think this was a proper submission, and it was for the jury, on the whole case, to pronounce upon the conduct of this child. I think the judgment and order appealed from should be affirmed, with costs.

HATCH and LAUGHLIN, JJ., concur.

McLAUGHLIN, J. (dissenting). I am unable to concur in the opinion of Mr. Justice PATTERSON. There is no evidence in the record before us to the effect that the deceased at any time looked in the direction of the approaching car which subsequently struck him,

or took any precautions whatever to ascertain if it were dangerous for him to cross the street at the time when, and the place where, he did. On the contrary, it affirmatively appears from the testimony of plaintiff's witness Scanlon and others that the deceased recklessly ran in front of the car and was struck just as he stepped upon the track. If he was sui juris, then he was guilty of negligence in not observing where the car was before attempting to cross the street; if he was not sui juris, then his parents were guilty of negligence in permitting him to go upon the street unattended; and in either case the failure to observe where the car was before he attempted to cross the street prevents a recovery. The accident occurred in the middle of a block, and not at a crossing.

The case cannot be distinguished in principle from Weiss v. Metropolitan Street Railway Co., 33 App. Div. 221, 53 N. Y. Supp. 449. I am unable to appreciate the distinction attempted to be made in the prevailing opinion, which is, as I understand it, that in the Weiss Case the deceased observed where the car was before she attempted to go upon the tracks, while in this case no such observation was made; in other words, the reasoning proceeds upon the theory that if one observed a car approaching, and thereafter attempts to cross the street and is injured, he is guilty of contributory negligence, but if he does not look to see if a car is approaching, and blindly walks across the street and is injured, it is "for the jury on the whole case to pronounce upon the conduct" of the person injured.

The defendant has a right to move its cars in the street, but it must move them with care, to the end that persons using the street may not be injured. But it is no more obligated in this respect than persons using the street are to use care to avoid being injured, and when a person fails to use such care and is injured he cannot recover, because his own negligence contributes thereto. Here, as already indicated, there is no evidence that the deceased used any care whatever; on the contrary, he ran blindly in front of the car, and thus was injured.

I think the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., concurs.