JOSEPH FREEMAN, an Infant, by LUKE FREEMAN, his Guardian ad Litem, Respondent, v. THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.

*Negligence — injury from being run down by a street car — unfounded belief that the street car would stop at a corner.*

In an action brought to recover damages for personal injuries sustained by the plaintiff, who, while crossing Broadway, in the borough of Brooklyn, at a point two doors distant from the corner of Ellery street, was run down by one of the defendant's street cars, it appeared that the accident occurred at eight o'clock on a rainy April evening; that the plaintiff was familiar with the neighborhood and knew that cars were running on Broadway, and that the locality was well lighted.

The plaintiff testified that, before stepping off the curb to cross the street, he looked in both directions and saw the car which subsequently struck him two doors distant from the opposite corner of Ellery street; that he saw the car again between the two corners and again near the corner, as he reached the first rail. He was struck by the fender of the car as he attempted to put his foot over the second rail. The car was traveling at an ordinary speed.

The plaintiff admitted that he thought he could get across without being struck by the car; that he expected the car to stop at one of the crossings; that he thought it was bound to do so, or he would not have risked attempting to cross the street. There was no proof that the car was bound to stop at the crossing or that the plaintiff had any reasonable ground for such belief.

*Held,* that the plaintiff had not shown himself to have been free from contributory negligence.

APPEAL by the defendant, The Brooklyn Heights Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 9th day of October, 1902, upon the verdict of a jury for $1,000, and

also from an order entered in said clerk's office on the 22d day of October, 1902, denying the defendant's motion for a new trial made upon the minutes.

*I. R. Oeland* and *George D. Yeomans,* for the appellant.

*George F. Elliott* [*Henry Escher, Jr.,* with him on the brief], for the respondent.

JENKS, J.:

The action is for negligence. The plaintiff, a young man of nineteen years, started at eight o'clock in the rainy evening of April 20, 1901, to cross Broadway, in the borough of Brooklyn, at a point two doors distant from the corner of Ellery street. He was familiar with the neighborhood and knew that street surface cars were running on Broadway. There was "plenty of light" at the locality. The story of the plaintiff is that as he stepped off the curb to cross the street he looked in both directions and saw the car then two doors distant from the corner of Ellery street coming toward him. He saw the car again between the two corners, and again near the corner as he reached the first rail. He was struck by the fender of the car. He says that this happened as he went to put his foot over the second rail. His witness Sheldon says that plaintiff was at the first rail, and his witness Lotridge says that the plaintiff was putting his foot on the first track. The plaintiff says that the car was going at ordinary speed, he could not say whether fast or slowly. Sheldon says the speed was ordinary and natural. The plaintiff admitted that he thought he could get across without being hit by the car; that he thought the car would stop "at one of them crossings anyhow to give me a chance," and that he depended upon the stopping of the car, as he thought it was bound to stop, or he "would not have risked it at all." Thus the case of the plaintiff shows that at a point where the car had the paramount right of way, and when he knew of its approach and close proximity, and although he saw the attempt was perilous if the car continued on its course, he risked crossing the tracks because he thought it would stop at a crossing as he thought it was bound to do. There is no proof that the car was bound to stop at the crossing at Ellery street, or that the plaintiff had any reasonable ground

for such belief, or of any attendant circumstances to warrant such surmise. His error was not a 'miscalculation as to the distance he had to pass over compared to that to be passed over by the car, but in his assumption, without reason therefor, that the car would stop before coming on. Under such circumstances, we think he did not show himself free of contributory negligence. (*Belton* v. *Baxter*, 54 N. Y. 245; *Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 id. 420, 428.; *McClain* v. *Brooklyn City R. R. Co.*, 116 id. 459, 465.)

The judgment should be reversed and a new trial be granted, costs to abide the event.'

BARTLETT, WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.