ended.   As said in N. & N. B. H. Co. v. Arnold, 143 N. Y. 265, 48 N.
E. 271:

"The jurisdiction of a court of equity by action to restrain proceedings in actions pending in courts of law should be sparingly exercised, and only when other remedies are inadequate, and the equities invoking its jurisdiction are apparent and strong."

It is true that the court was herein speaking of restraining proceedings by action, but what has been thus said is equally applicable to restraining by order.

For the reasons, therefore, that we find no equities so "apparent and strong" as would justify the court in granting such a restraining order as was herein sought to be obtained, we think that the order appealed from should be reversed, with $10 costs and disbursements, and the motion should be denied, with $10 costs. All concur; PATTERSON, J., in result.

---

### STILLINGS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.   June 5, 1903.)

1. STREET CARS—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE.
  Decedent, while seeing, some distance away, a south-bound car approaching, started, at a street crossing, to walk diagonally across the street in order to board an approaching north-bound car.  He signaled to the latter to stop, which it did.  Its conductor called to him to hurry. When in the center of the track on which the south-bound car was running, he was warned by a companion of its approach, and stepped back, but was struck and killed.  There was evidence that the south-bound car was proceeding at a speed of 20 or 25 miles an hour, and that no signal of its approach was given.  Held, that the issue of contributory negligence was for the jury.

2. WRONGFUL DEATH—DAMAGES—EXCESSIVE VERDICT.
  A verdict for $10,000 for causing the death of a man 73 years of age, successful in business, apparently in good financial circumstances, leaving a wife and adult children, to none of whom he gave financial aid except to the wife, was excessive, and should be reduced to $5,000.
  McLaughlin and Ingraham, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by William E. Stillings, as executor of Isaac Stillings, deceased, against the Metropolitan Street Railway Company.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Conditionally affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.
Archibald C. Shenstone, for respondent.

PATTERSON, J.  At about midnight on January 7, 1899, the plaintiff's testator was killed by being struck and run over by a car belonging to the defendant and in charge of its servants.  The car was proceeding southerly on the westerly track of the defendant's road on Central Park West.  The decedent and a companion were at the southwest corner of Central Park West and Sixty-Ninth street,

intending to take a north-bound car on the defendant's road. Such a car was seen at about Sixty-Ninth street, and a south-bound car was also seen at about the southerly side of Seventy-First street. The decedent and his companion left the southwest corner of Sixty-Ninth street, signaling to the north-bound car to stop. It did stop between the north and south lines of Sixty-Ninth street. They walked quite fast towards the north-bound car, diagonally northeastward from the street corner from which they started. The conductor cried to them to come on and to hurry up. The decedent's companion reached the north-bound car in safety, and was about four feet in advance. He turned and saw the decedent right behind him in the center of the south track, with the south-bound car rapidly approaching. He called to the decedent to look out for the car, and he testified that the decedent attempted to avoid it by a backward movement, but was struck before he could leave the track, and was killed.

There was evidence on the part of the plaintiff to show that the south-bound car was proceeding at a very rapid rate of speed, as much as about the rate of 20 or 25 miles an hour; also that no gong was sounded and no warning given. There is evidence from which the jury could well infer that the car was being run at such a rate of speed as not to be under control at street crossings or the places at which pedestrians are expected to cross the street. The theory of the defendant is that the car was proceeding only at the rate of some eight miles an hour or less; that by reasonable vigilance or prudence the decedent could have seen the impending danger from the approaching car, and could have avoided it. However, under the evidence as it stands, the question of contributory negligence was one for the jury. They might well believe from the evidence that the decedent and his companion might reasonably have expected to reach the north-bound car in safety, and that the motorman of the south-bound car would have his car under control, so that they might cross without danger. Upon the whole evidence, we see no reason for charging the decedent with contributory negligence as matter of law.

We have examined the exceptions in the case, but we do not think they are of sufficient importance to require a reversal of the judgment.

The jury rendered a verdict for the plaintiff in the sum of $10,-000. We can find no basis in the evidence authorizing a judgment in so large a sum. The decedent was 73 years of age. He was a successful business man, apparently in good financial circumstances. He left a widow and adult children. No information is given us as to his income, or as to what contribution he made to his family, or what they might reasonably expect from him in the future. There is a singular lack of data in this case upon which to base pecuniary loss to the next of kin. None of the next of kin of the decedent was receiving pecuniary aid from him, but only the wife. The damages are excessive, and should be reduced to $5,000.

If the plaintiff will stipulate so to reduce the judgment as entered to the sum of $6,586.73, the judgment as modified by such reduction

and the order appealed from will be affirmed, without costs. If, however, the stipulation is not given, the judgment and order must be reversed, and a new trial ordered, with costs to appellant to abide the event.

HATCH and LAUGHLIN, JJ., concur.

McLAUGHLIN, J. (dissenting). I am unable to concur in the prevailing opinion. The testimony is uncontradicted to the effect that when the intestate reached the southwest corner of Sixty-Ninth street and started to diagonally cross the street on which defendant's cars were run he saw the car which subsequently struck and killed him approaching from Seventy-First street. The car was lighted, and was plainly visible, and had he exercised the care the law requires the accident would have been avoided. It does not appear that after he left the corner of Sixty-Ninth street he looked to see where the car was or that he took any precautions whatever for his own safety until it was too late. Upon such facts, it is difficult to see how the plaintiff met the burden which rested upon him of showing that the intestate was free from contributory negligence in not seeing the car before he stepped in front of it, or, if he was free from contributory negligence, how the defendant's motorman was guilty of negligence in not seeing the intestate. If the intestate was unable to see a fully lighted car which he knew was approaching, how was it possible for the motorman to see a person, whose presence was unknown, attempting to cross the street? The fact that no gong was sounded or warning given of the approach of the car is of no importance, because the intestate saw the car and knew it was approaching; nor is there force in the suggestion that the intestate had the right to assume that the car would be so controlled that he could cross the street in safety. He had no more right to indulge in this assumption than the motorman of the car had that the intestate would so control his own movements with reference to the car that he would not be injured. The conclusion reached by a majority of the court is in conflict with the following authorities: Weiss v. Metropolitan St. Ry. Co., 33 App. Div. 221, 53 N. Y. Supp. 449, affirmed 165 N. Y. 665, 59 N. E. 1132; Stern v. Metropolitan St. Ry. Co., 47 App. Div. 625, 62 N. Y. Supp. 1148; Biederman v. Dry Dock, East Broadway & Battery R. R. Co., 54 App. Div. 291, 66 N. Y. Supp. 594; Madigan v. Third Avenue R. R. Co., 68 App. Div. 123, 74 N. Y. Supp. 143; Johnson v. Third Avenue R. R. Co., 69 App. Div. 247, 74 N. Y. Supp. 599; and, if we are to follow those decisions, then the judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event.

INGRAHAM, J., concurs.