It is not at all strange that she should become nervous and fretful under such treatment. Of course, her husband did not knock her head off, as he threatened; but she was pushed on the stove and off the porch. I will leave that branch of the case without further comment, except to say that I think she was abundantly justified in leaving.

Section 899 of the Code of Criminal Procedure declares that persons who actually abandon their wives or children, without adequate support, or who neglect to provide for them according to their means, are disorderly persons. There is no question but that the defendant here is abundantly able to support his wife and to furnish her a home; but he refuses to do so, except as heretofore. I think she is not obliged to submit to the indignities and ill treatment to which she has been subjected, and that the town authorities cannot require her to do so. If, under such circumstances, she lacks for proper support and is in danger of becoming a public charge, it is the duty of the proper officer to take the proceedings to compel her husband to support her and give the proper undertaking therefor.

Section 901 of the Code of Criminal Procedure provides, in substance, that the form of the undertaking shall be to indemnify the town against her becoming a public charge within one year.. I think the evidence was sufficient to require the husband to give the undertaking. Of course, if there is no breach in the condition of the undertaking, no harm will come to the defendant in giving it.

I think the County Court was right in sustaining the order of the justice of the peace, and that the judgment should be affirmed.

SPRING, J., concurs in this dissent.

---

SMITH v. ROCHESTER RY. CO.

(Supreme Court, Appellate Division. Fourth Department. July 6, 1909.)

1. NEGLIGENCE (§ 85*) — CONTRIBUTORY NEGLIGENCE — CARE REQUIRED—CHILDREN.

   A child who is sui juris, though of tender years, must exercise such degree of care as is commensurate with its age and intelligence.

   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 121–129; Dec. Dig. § 85.*]

2. STREET RAILROADS (§ 100*)—ACTIONS—CONTRIBUTORY NEGLIGENCE.

   Where an eight year old boy, who was playing in the street, ran before an approaching street car with his head turned from it, when he could have seen the car had he looked, he was guilty of contributory negligence.

   [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 217, 218; Dec. Dig. § 100.*]

3. STREET RAILROADS (§ 118*)—INJURIES—ACTIONS—CONTRIBUTORY NEGLIGENCE OF CHILD—INSTRUCTION.

   Where the conduct of an eight year old boy in running in front of a street car was negligent, if he was sui juris, the court should have charged, in an action for personal injuries, that the only ground on which a recovery could be had was that he was not sui juris, and his parents were

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not negligent in permitting him to play in the street near frequently passing cars.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 118.*]

Kruse and Spring, JJ., dissenting.

Appeal from Trial Term, Monroe County.

Action by Milton E. Smith, an infant, by Charles L. Smith, his guardian ad litem, against the Rochester Railway Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Harris, Havens, Beach & Harris and W. A. Matson, for appellant. C. D. Kiehel, for respondent.

WILLIAMS, J. The judgment and order should be reversed on law and facts, and a new trial granted, with costs to appellant to abide event. The action is for negligently running defendant's car against the plaintiff, a boy about eight years of age, who was playing horse in the street. The grounds urged for a reversal relate to the question of contributory negligence. The court submitted to the jury the question whether the boy was sui juris or non sui juris, and whether, if he was sui juris, he exercised care to avoid injury commensurate with his years and intelligence. There was evidence upon which the jury might find the plaintiff sui juris.

The defendant excepted to the submission to the jury of the question, if the plaintiff was sui juris, whether he used the care above referred to, and requested the court to charge that there was no evidence that the plaintiff used any care. This request was refused, and the court said:

"They have heard how much knowledge he had, and what the care was."

The defendant asked the court to point out to the jury what fact, or to indicate what fact, they might consider on the question whether the plaintiff used any care. The court said:

"The court is not obliged to point out facts to a jury. They find the facts from the evidence."

The defendant asked the court to indicate from what facts the jury might find the plaintiff used any care. The court declined to charge further than it had done. It will thus be seen that the question is very clearly presented whether there was evidence which would authorize the jury to find the plaintiff, if he was sui juris, free from contributory negligence. It is well settled that a plaintiff who is sui juris, though a child of tender years, in order to be free from contributory negligence, must exercise some care in approaching danger— not the same degree of care as an adult, but such care as is commensurate with its age and intelligence. Wendell v. N. Y. C. & H. R. R. R. Co., 91 N. Y. 426; Simkoff v. Lehigh Valley R. R. Co., 190 N. Y. 256, 83 N. E. 15, and cases therein referred to.

This was the rule of law stated to the jury by the court as I un-

derstand it, so that the only question here is whether any care whatever was shown. The accident occurred in daylight. The car was in full view of the plaintiff and the boys playing with him. The other boys were running after plaintiff, and he was running towards the car with his head turned away from it. He could have seen it if he had looked; but he did not look. He ran in front of the car without exercising any care whatever to see or avoid it. This was clearly contributory negligence in a boy of eight years of age, if found by the jury to be sui juris. The court should have charged the jury that the only theory upon which a recovery could be had was that the boy was non sui juris and his parents were not negligent in permitting him to play in the street where cars were passing frequently.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event, upon questions of law and fact. All concur, except SPRING and KRUSE, JJ., who dissent in memorandum by KRUSE, J.

KRUSE, J. (dissenting). The defendant's north-bound car track on Genesee street, in the city of Rochester, runs along on the side of the street between the curb and the sidewalk. A car was coming north on this track, running about 20 miles an hour. As it approached Sawyer street, the plaintiff, a little boy then 6 years 3 months of age, was running on the southerly side of Sawyer street. He was playing with other children. His head was turned toward the north, and the car was coming from the south. He ran directly towards the car track, and when near the track veered towards the northwest, so that if he had continued his course he would have crossed the track diagonally. But he was intercepted and struck by the car. The jury was warranted in finding from the evidence that the motorman could have seen the lad running towards the car track in time to avoid the accident, if he had been attentive and had his car under control in approaching this crossing, or if he had given warning as he approached it the accident would probably not have occurred; but the car was going 20 miles an hour, as has been stated, and the motorman was looking towards people coming from the west, on Sawyer street (who, it appears, had signaled the car to stop), and the bell was not rung until about the time the boy was struck. He was about the middle of Sawyer street, on or just about to step on the track. He was caught by the fender, carried across the street, and a little distance beyond.

The father of the boy testified that he had told the lad to keep away from the tracks and street cars; that the street cars would hurt him if he got on the track; that the boy seemed to comprehend what was said to him; that to a certain degree he might be able to exercise some care to protect himself from danger; that he commenced going to school that year, but had not been at school before the accident. The boy himself was not sworn on the trial, but was permitted to make a statement, so that the trial judge and jury had the advantage of seeing him. He was hurt in July, 1906, and the trial occurred in January, 1909. He says he knew at that time that the car would hurt him; that if he saw a car coming he would run out of the way of it; that he did not see the car at all before he was hurt; that he and the boys were having a good time playing; that he was playing runaway horse;

that he could see the cars going past every day, and knew that they went by there a good many times.

We are all agreed, as I understand it, that the case was for the jury. The exception of the defendant's counsel to the charge that, if the jury found that the plaintiff was sui juris, then they might consider whether the plaintiff used care commensurate with his age and intelligence, and the refusal of the court to charge the jury that there is no evidence in the case that the plaintiff used any care, seem to be the only troublesome questions here. Of course, submitting to the jury the question whether the plaintiff was sui juris or non sui juris would not be very intelligent, without telling them what sui juris and non sui juris meant. The judges themselves do not seem to be in accord as to what the expression means, in its application to negligence cases. Lafferty v. Third Ave. R. R. Co., 85 App. Div. 592, 83 N. Y. Supp. 405; Ardolino v. Reinhardt, 130 App. Div. 119, 114 N. Y. Supp. 508; Grealish v Brooklyn, etc., R. R. Co., 130 App. Div. 238, 114 N. Y. Supp. 582; Batchelor v. Degnon Realty & Terminal Imp. Co. (Sup) 115 N. Y Supp. 93. But we are not left in the dark as to what the learned trial justice meant when he made the statement to the jury. After saying that a good deal had been said about "sui juris" and "non sui juris," he stated:

"Now, if you can say virtually of the boy, 'He did not know any better,' and I emphasize 'any,' he is non sui juris; but, if he does know some better, he is sui juris to that extent."

Continuing, he said:

"If the boy has capacity to know danger and ability to save himself from it, whatever his age, he must exercise that, commensurate with his intelligence and his years. * * * If the boy knew enough to avoid this danger, knew it was dangerous, and had physical ability to avoid it, he must exercise that care for himself which his intelligence and his years, as you shall find them to be, make it reasonable he should."

He further stated:

"If this boy was sui juris, capable of taking care of himself to some degree, he is bound in law to take care of himself to that reasonable degree. There isn't any law that says that a boy of four years knows so much, and a boy of six knows so much more, and a boy of eight knows so much more, increasing in proportion. If there were, nobody would believe it, because it is not true. It is a question of fact in every case, to be determined by the evidence in the case."

Whether the learned trial judge was correct in his definition of sui juris is of no importance. I think he correctly and very clearly stated the rule of law applicable to the facts. No one would claim that this boy should not exercise more care than a toddling child of two years. Such a child might go upon the track without having the least conception of the danger. This boy did know that the cars ran upon this track and that they might hurt him. It is possible that he may also have known that ordinarily they did not run so fast, and rang the bell. Whether, under the circumstances, he was free from contributory negligence, I think was clearly a question for the jury. Sullivan v. Union Ry. Co., 81 App. Div. 596, 81 N. Y. Supp. 449; af-

firmed in 177 N. Y. 525, 69 N. E. 1131; Grealish v. Brooklyn, etc., R. R. Co., supra.

The question of the negligence of the boy's parents in caring for him was also correctly submitted.

I think the judgment and order should be affirmed, with costs.