BYRNES v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.    January 19, 1912.)

1. STREET RAILROADS (§ 95*)—INJURIES—DUTY AS TO PERSON APPROACHING TRACK.

A motorman in the middle of a block, seeing a boy 10 or 11 years of age approaching the track, with an unobstructed view, was not bound to anticipate that he was going to step upon the track in front of the moving car.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 179, 180, 202; Dec. Dig. § 95.*]

2. STREET RAILROADS (§ 95*)—INJURIES—CHILDREN—PRECAUTIONS.

Where children are at play in the street, it is the duty of a motorman on a street car to sound warnings and to take precautions against their injury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 179, 180, 202; Dec. Dig. § 95.*]

3. STREET RAILROADS (§ 112*)—INJURIES—PRESUMPTION OF SENSE OF DANGER.

A boy 10 or 11 years of age, not shown to be deficient mentally, must be presumed to know of the danger to be anticipated from crossing in front of a moving street car.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 112.*]

4. STREET RAILROADS (§ 117*)—INJURIES—QUESTION FOR JURY—NEGLIGENCE.

Evidence in an action against a street railroad for injuries to a person on the track held not to make the question of its negligence one for the jury.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 117.*]

5. STREET RAILROADS (§ 117*)—INJURIES—QUESTION FOR JURY—CONTRIBUTORY NEGLIGENCE.

Evidence in an action against a street railroad for injuries to a person struck while on its track held not to make the question of the plaintiff's contributory negligence one for the jury.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 117.*]

Appeal from Queens County Court.

Action by Francis Byrnes, an infant, by Mary Byrnes, his guardian ad litem, against the Brooklyn Heights Railroad Company. From a judgment of the County Court of Queens county in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

D. A. Marsh, for appellant.
Martin T. Manton, for respondent.

WOODWARD, J. The plaintiff, a boy between the age of 10 and 11 years, stepped down from the curbstone on the right-hand side of Nostrand avenue, near Floyd street, in the borough of Brooklyn, and walked slowly in a diagonal line with the defendant's track, stepping upon the same, when he was struck by the right-hand corner of the fender, sustaining injuries for which the jury has awarded a verdict of $100. The plaintiff testifies that, just as he stepped down from the curb, he looked and saw defendant's car approaching quite rapidly; that the car was then about half a block away, though upon cross-examination he reduces this distance to about 30 feet. He says that he then walked diagonally toward the car track, intending to reach his father on the opposite side of the street, and did not look or pay any further attention to the car until he was about to step on the first rail of the track, when he heard the motorman call; that he then tried to stagger back from the track, but was unable to do so until after the car fender had reached and hit him.

[1] It does not appear from the evidence just what the distance was between the curb and the car track. There was evidence that there was room for a truck to pass; but whether there was any considerable margin does not appear, nor is the evidence clear as to how far the plaintiff walked slowly along the track and diagonally toward it. But it is certain that the evidence does not show any degree of care on the part of the plaintiff, and the motorman in the middle of a block was not bound to anticipate that this boy of 10 or 11 years of age, with an unobstructed view, was going to step upon the track in front of the advancing car. The boy does not claim that he did not see the car approaching. He says it was coming at a rapid rate, 30 feet or more away, when he stepped down, and that he walked slowly in a diagonal line with the defendant's track, without paying any further attention to the car until the motorman called to him; and it appears that the motorman called to him just as he was in the act of stepping into a place of danger, and at which time the car was only about 12 or 15 feet away, which would bring the fender only about 9 to 12 feet from the plaintiff at the time he stepped into the track of the car, and the evidence would seem to indicate that this distance was even less. There was no evidence that the plaintiff was engaged in exciting play, or that he was moving in such a manner as to indicate that he was oblivious to danger. He was walking slowly in the same general direction the car was running, gradually drawing toward the same, and the evidence neither discloses that the car was being recklessly run or that there was anything which called upon the defendant's motorman to anticipate danger to the plaintiff. He could walk along the side of the track within 18 inches to 2 feet of it without danger to himself, and if street cars owe the duty of slowing down every time any one gets near enough to enable them to step into a position of danger, public traffic would be seriously impeded. Pedestrians can and do stop just short of

the danger line in thousands of instances every day, and, unless there is something to indicate to the motorman that a different result is contemplated, there is no reason why he should not operate his car at the usual rate of speed at points other than street crossings.

[2] Of course, if children are at play in the streets, it is his duty to sound warnings and to take precautions against the pranks of children under such circumstances; but there were no special conditions shown here.

[3-5] A boy of 10 or 11 years of age, who is not shown to be deficient mentally, must be presumed to know the danger to be anticipated from crossing in front of a moving car; and where the evidence shows that the plaintiff, without looking at any time when the obligation was upon him to look, and when the exercise of any degree of care would have obviated the accident, deliberately walks into a position of danger, under the circumstances shown here, it is not proper to submit to the jury the question either of the defendant's negligence nor that of the plaintiff's lack of contributory negligence, for there is no evidence to support a verdict in his favor.

The judgment and order appealed from should be reversed, and a new trial ordered; costs to abide the event.

JENKS, P. J., and BURR and THOMAS, JJ., concur. RICH, J., taking no part.