the circumstances of this case the municipality must respond in the same degree that a private corporation would be called upon to answer under the same state of facts. A municipality has no right to needlessly obstruct its streets in the maintaining of public utilities; at least, not yet.

The judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

(162 App. Div. 881)

## NOWAKOWSKI v. NEW YORK & N. S. TRACTION CO.

(Supreme Court, Appellate Division, Second Department. June 26, 1914.)

1. STREET RAILROADS (§ 100*)—INJURIES TO PERSONS ON CROSSINGS—NEGLIGENCE.

    Where a boy nearly nine years of age, who had been in school for several years and was well advanced, was run down by a street car of which he could have had an unobstructed view for over 500 feet, he must be *held* guilty of contributory negligence as a matter of law, either on the theory that he did not look for approaching cars, or that, if looking, he looked but once, and loitered in the street, which he was attempting to cross at a place other than where intersected by another street.

    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 217; Dec. Dig. § 100.*]

2. STREET RAILROADS (§ 100*)—INJURY TO CHILD—CONTRIBUTORY NEGLIGENCE.

    While a child is not bound to exercise the same degree of care which an adult would exercise, he is required to exercise care commensurate with his age and intelligence; and hence a child nearly nine years of age, not mentally deficient, is bound to exercise care to avoid street cars.

    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 217; Dec. Dig. § 100.*]

Appeal from Trial Term, Queens County.

Action by Stanislaus Nowakowski, an infant, etc., against the New York & North Shore Traction Company. From a judgment for plaintiff, and an order denying new trial, defendant appeals. Reversed, and complaint dismissed.

See, also, 158 App. Div. 949, 143 N. Y. Supp. 1133.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

James A. MacElhinny, of New York City, for appellant.

Martin T. Manton, of Brooklyn (Vine H. Smith, of New York City, on the brief), for respondent.

BURR, J. On May 26, 1912, Stanislaus Nowakowski, then a lad nearly nine years of age, who had attended the public schools for nearly three years, while crossing Crocheron avenue, about 500 feet distant from Chamber street, in the village of Bayside, was struck by a car operated by defendant company, and sustained personal injuries resulting in the loss of his leg. On a former trial a verdict in favor of plaintiff was set aside by the learned trial court, and the order granting a new trial was unanimously affirmed. Nowakowski v. New York & North Shore Traction Co., 158 App. Div. 949, 143 N. Y. Supp. 1133.

Upon a second trial plaintiff has again recovered a verdict, and from the judgment entered thereon, and the order denying a motion for a new trial, defendant appeals.

[1] Without determining whether the jury's finding of negligence upon defendant's part is against the weight of evidence, we are of opinion that plaintiff's contributory negligence as matter of law is so clearly established that the complaint should have been dismissed. To sustain his case, plaintiff called four eyewitnesses of the occurrence. Philip Voskovitch, the first witness, testified that plaintiff was crossing Crocheron avenue from south to north, that he had safely crossed both rails of the southerly track and the southerly rail of the northerly track, and while crossing the fourth or northerly rail he was struck by a car proceeding in a westerly direction. He also testified that he walked straight across the tracks, and that when plaintiff was crossing the first rail the car was just turning the corner of Chamber street.

A second witness, Henry Sadowsky, testified that when the car was turning the corner plaintiff was crossing the "second track"; but by this he evidently intended "rail," for he speaks of his being struck upon the "fourth track," and concededly there are but two tracks in the street. He testified, also, that plaintiff looked in the direction from which the car came when he was at the first rail, and that no car was then coming, that is, it had not turned the corner, and that he then looked in the opposite direction, and, so far as the testimony of this witness discloses, did not again look toward the east.

A third witness, Sophia Borowska, testified that she saw plaintiff crossing the tracks and that "he had his back turned towards the car." While the fourth witness, David G. Steiner, testified that he "noticed the small object, which I afterwards found was the boy, crossing the street in a sort of diagonal way; not straight across, but sort of sideways," and that "he seemed to have his head turned * * * towards the right side," which would be in the direction from which the car was coming.

All the witnesses place the point of collision as west of the Catholic Church on the north side of Crocheron avenue. This is at least 500 feet from the point where the car turns from Chamber street into Crocheron avenue, and a witness called by defendant testified that the morning after the accident he measured the distance from said corner to a "blood spot" still appearing in the road, and the distance was 518 feet. There is no dispute that there is nothing of a permanent character to obstruct the view from this point to the intersecting street, and there is evidence on the part of plaintiff's witnesses that at the time in question it was not temporarily obstructed. Disregarding the conflicting testimony of these witnesses, and stating the case most favorably for the plaintiff, the jury might have found that as plaintiff approached the southerly rail of the southerly track he looked to the east, a distance of 500 feet, and that the car had not then turned the corner of Chamber street. Proceeding then to cross the tracks, a distance of about 15 feet, either he failed to look a second time, particularly before stepping upon the northerly track, on which the car proceeding from the west would come, or, if he did look, he failed to ob-

serve it when it was in plain sight. If the car was proceeding at the rate of 30 miles an hour, which in view of the uncontradicted evidence is undoubtedly greater than the actual fact, it would require about 12 seconds to reach the point of contact from the corner of the intersecting street. If the boy was walking 3 miles an hour, he would require not more than 3½ seconds to clear the tracks. It inevitably follows, either that the car was in sight when he stepped upon the first rail of the southerly track, and that he negligently failed to observe the same, or that he loitered and then crossed the northerly track without looking at all for a car, which might be approaching in this direction, and that, too, at a point where there was no intersecting street, where the car had the paramount right of way, and upon a suburban highway, where a higher rate of speed than would be prudent in a crowded city street is not only permissible, but demanded by the existing circumstances.

[2] There is no contention in this case that plaintiff was so young that he was not bound to exercise some degree of care in approaching a point of danger. It is true that he may not be required under all circumstances to exercise the same degree of care which an adult would exercise. He is required to exercise care commensurate with his age and intelligence. Weiss v. Metropolitan Street R. Co., 33 App. Div. 221, 53 N. Y. Supp. 449, affirmed 165 N. Y. 665, 59 N. E. 1132; Fenton v. Second Avenue R. R. Co., 126 N. Y. 625, 26 N. E. 967; Specht v. Waterbury Co., 208 N. Y. 374, 102 N. E. 569. In the case at bar a child nearly nine years of age, not shown to be mentally deficient, heedlessly steps in front of a rapidly moving car and is injured. His contributory negligence ceased to become a question of fact and is established as matter of law. Byrnes v. Brooklyn Heights R. R. Co., 148 App. Div. 794, 133 N. Y. Supp. 243; Perez v. Sandrowitz, 180 N. Y. 397, 73 N. E. 228.

The judgment and order appealed from should be reversed, and plaintiff's complaint dismissed, with costs of the appeal and of the action. All concur.