(172 App. Div. 194)

## ZENNER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, First Department. June 2, 1916.)

1. STREET RAILROADS ☞98(6)—INJURY ON TRACK—CONTRIBUTORY NEGLIGENCE.

One about to cross a street railroad track must take at least some precaution for his own safety, and has no right to assume that a car will be operated so as to permit him safely to cross in front of it.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 207; Dec. Dig. ☞98(6).]

2. STREET RAILROADS ☞85(5)—RIGHTS OF PEDESTRIANS.

Between regular street crossings the right of a street railroad to operate its cars upon its tracks is superior to that of a pedestrian.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 193, 195; Dec. Dig. ☞85(5).]

3. STREET RAILROADS ☞98(7)—INJURY AT CROSSING—CONTRIBUTORY NEGLIGENCE.

Plaintiff, who, when within 6 feet of where he was struck, stopped and looked, and saw a car approaching about 150 feet away, and who proceed-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ed, and, looking again, saw it 75 feet away, moving more rapidly than when he had first seen it, and then deliberately walked upon the track directly in front of it, was guilty of contributory negligence.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 207; Dec. Dig. ☞98(7).]

**4. STREET RAILROADS ☞93(3)—INJURY AT CROSSING—NEGLIGENCE.**

In such case the motorman, though he saw plaintiff approaching the track, was not required to sound the gong on the car, but might assume that plaintiff would wait until the car passed.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 199; Dec. Dig. ☞93(3).]

Laughlin and Dowling, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Jacob Zenner against the Brooklyn Heights Railroad Company. From a judgment entered pursuant to a nonsuit, plaintiff appeals. Affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

John F. McIntyre, of New York City (L. F. Fish, of New York City, on the brief), for appellant.

D. A. Marsh, of Brooklyn, for respondent.

McLAUGHLIN, J. I think the complaint was properly dismissed. The evidence, in my opinion, did not establish the negligence of the defendant or plaintiff's freedom from contributory negligence. According to the plaintiff's own testimony, when he was about 6 feet from the point where he was struck by defendant's car, he stopped and looked, and then saw the car approaching about 150 feet away. He proceeded, looked again, and saw the car 75 feet away, moving more rapidly than when he first noticed it. Notwithstanding this fact, he deliberately walked onto the track directly in front of the approaching car. He then looked again, and, while he attempted to retrace his steps, the car was so close to him he was unable to get out of its way. [1] The plaintiff at all the times was practically facing the car, and there was nothing between him and it to obstruct his view. There was an obligation resting upon him to take at least some precaution for his own safety. He had no right to assume, as contended, that the car would be operated in such a manner as to permit him safely to cross in front of it. Freeman v. Brooklyn Heights R. R. Co., 82 App. Div. 521, 81 N. Y. Supp. 828.

[2-4] Nor do I think that the rights of the parties at this point were equal. It was not at a regular crossing, and it has frequently been held that between street crossings—and I think the same rule here applies —the right of a street railroad to operate its cars upon its tracks is superior to that of a pedestrian. Fenton v. Second Avenue R. R. Co., 126 N. Y. 625, 26 N. E. 967; Thompson v. B. R. Co., 145 N. Y. 196, 39 N. E. 709; Barney v. Metropolitan St. Ry. Co., 94 App. Div. 388, 88 N. Y. Supp. 335. The truth is the plaintiff deliberately chose to place himself in a position of danger, and his act in doing so was, in my opinion, negligent. It may be assumed that the motor-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

man saw him approaching the tracks and that he did not sound the gong on the car. But there was no reason why he should do so. The plaintiff had stopped, and saw the car approaching, and the motorman had a right to assume that he would wait until the car passed. As was said in Byrnes v. Brooklyn Heights R. R. Co., 148 App. Div. 794, 133 N. Y. Supp. 243:

"Pedestrians can and do stop just short of the danger line in thousands of instances every day, and unless there is something to indicate to the motorman that a different result is contemplated, there is no reason why he should not operate his car at the usual rate of speed at points other than street crossings."

When all of the testimony of the plaintiff is considered, the only inference which, as it seems to me, can be fairly drawn from it, is that without any regard for his own safety he stepped directly in front of the car, and in this way the accident occurred. In principle the case cannot be distinguished from Lofsten v. Brooklyn Heights R. R. Co., 184 N. Y. 148, 76 N. E. 1035; Byrnes v. Brooklyn Heights R. R. Co., supra; Tully v. New York City Ry. Co., 127 App. Div. 688, 111 N. Y. Supp. 919; Freeman v. Brooklyn Heights R. R. Co., supra; Weiss v. Metropolitan St. Ry. Co., 33 App. Div. 221, 53 N. Y. Supp. 449, affirmed 165 N. Y. 665, 59 N. E. 1132.

I think the judgment should be affirmed, with costs. Order filed.

CLARKE, P. J., and SCOTT, J., concur.

LAUGHLIN, J. (dissenting). This is an action to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant in the operation of one of its cars on its east-bound track on the Williamsburgh Bridge Plaza, at the Brooklyn end of the bridge, on the 25th day of September, 1913. The plaintiff was engaged in peddling fruit on the public streets, and had been for a period of 3 weeks since his last return from Europe. He was 52 years of age, and resided in the borough of Brooklyn, and was walking across the Plaza on his way to a local bridge car, with a view to crossing the bridge, at about 20 minutes after 5 o'clock in the morning, when he met with the accident. While crossing the open Plaza, which was used generally by the public, and approaching the defendant's surface track from Brooklyn to New York, according to the testimony of the plaintiff, he looked to see whether a car was approaching on the track which he would come to first, being the one *from* Brooklyn, and observed none. He then looked the other way, and saw a car approaching on the track *from* New York about half a block, which he describes as 150 feet distant. He proceeded on across the first track, and after crossing it he looked again, and saw the car approaching from New York about *a quarter* of a block distant, and proceeded on, and says that, after taking "one or two steps, passing the first rail of the track, I looked and the car was already right by me; I looked, and I noticed that I was in danger;" and that he then turned around and the car struck him on the left side, throwing him to the ground, and inflicting the injuries of which he complains. He further testified that when he looked the third time he had crossed the

first rail of the track on which he was struck, and that the car was then about *15 feet* from him, and was then coming fast, and faster than when he first observed it, but was not sounding, and had not sounded, any gong, and that after first seeing the car he walked about 15 feet before he was struck.

The evidence shows that there was no sidewalk or crosswalk on the Plaza, and that people were accustomed to cross it at any point, and that the plaintiff was passing it in a direct line toward the local bridge car. The only evidence presented by the plaintiff was his own testimony, with respect to the circumstances under which he met with the accident, and that of a physician with respect to his injuries. At the close of this evidence the nonsuit was granted. According to the testimony of the plaintiff, which must for the purposes of this appeal be accepted as true, after he had crossed the track on which the cars passed from Brooklyn to New York, and was between the two tracks, which evidently were the customary distance apart, the car which struck him was a quarter of a block distant, or one-half the distance from him that it was when he first observed it, which would, on his estimate of the distance, be 75 feet. Although he says he observed that the car was coming fast when he first saw it, he had passed over one track, walking at least 10 feet while it was coming 75 feet, and he being at the track when it was 75 feet distant.

I am of opinion that it cannot be said as matter of law that he was guilty of negligence in proceeding on across the track on a public place, where the cars of the defendant did not have a paramount right, but where the rights of the parties were equal. This evidence, I think, presented a prima facie case, which entitled the plaintiff to have it submitted to the jury to say whether or not he was guilty of contributory negligence in not stopping, and whether the defendant was guilty of negligence in accelerating the speed of the car, and not affording him an opportunity to cross the track. Legare v. Union Railway Co., 61 App. Div. 202, 70 N. Y. Supp. 718; Handy v. Met. St. R. Co., 70 App. Div. 26, 74 N. Y. Supp. 1079; McDermott v. Brooklyn Heights R. R. Co., 89 App. Div. 214, 85 N. Y. Supp. 807; Monck v. Brooklyn Heights R. R. Co., 97 App. Div. 447, 90 N. Y. Supp. 818; Kennedy v. Third Ave. R. R. Co., 31 App. Div. 30, 52 N. Y. Supp. 551; Copeland v. Met. St. R. Co., 78 App. Div. 418, 79 N. Y. Supp. 1054, affirmed 177 N. Y. 570, 69 N. E. 1121; Lawson v. Met. St. R. Co., 40 App. Div. 307, 57 N. Y. Supp. 997, affirmed 166 N. Y. 589, 59 N. E. 1124.

I am of opinion, therefore, that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

DOWLING, J., concurs.